(No. 24400.— ▉)

THE ILLINOIS WATER SERVICE COMPANY *et al.* Appellees, *vs.* CHAMPAIGN COUNTY, Appellant.

*Opinion filed December 17, 1937—Rehearing denied Feb. 3, 1938.*

FRED B. HAMILL, State's Attorney, for appellant.

HUBERT H. EDWARDS, State's Attorney, GREENEBAUM & BURNS, A. H. FELLHEIMER, DOBBINS, DOBBINS & THOMAS, and HAMILTON, BLACK & KLATT, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Livingston county reversed a decision of the Illinois Tax Commission which found that the proper situs for taxing the capital stock of the Illinois Water Service Company is in Champaign, in the county of Champaign. The circuit court held that the town of Reading, in Livingston county, is the proper situs.

The Illinois Water Service Company was incorporated in 1926 under the General Corporation act of 1919, which required that the application should set forth the location of its principal office in this State. The original articles of incorporation located the principal office at Chicago. In 1928 the company had no business in Chicago and it

procured an amendment to its charter changing the location of its principal office to Reading, in Livingston county, where it has ever since remained. The corporation operates in five communities, Champaign and Urbana, Freeport, Streator, Sterling and Rock Falls. It has extensive flowage rights in Livingston county, as well as a dam and pumping station at Reading from which it supplies the city of Streator with water. The property is of large value. A Mr. Huggans spends a part of his time at the Reading office. The vice-president and general manager, Watson Dark, spends very little time there, but resides and transacts most of his business in Champaign. The president of the company lives in Charleston, West Virginia, where most of the corporation's records are kept. The accounting books are at Champaign and most of the revenues are collected at the Champaign and Urbana offices. On the hearing before the Illinois Tax Commission, Dark stated that the office in Reading is a nominal office. The testimony does not show the amount of business transacted in any of the counties in which the corporation does business, the source of the revenues collected at Champaign and Urbana, nor whether the revenues from either of those cities exceeds that from the other, or from any other location.

The General Corporation act of 1919 remained in force until its repeal by the Business Corporation act of 1933. Under the terms of the latter act, a corporation may have offices within and without the State, and must maintain in the State a registered office, which may be, but need not be, at its principal place of business. It must also have a registered agent, whose business office is identical with the registered office. The address, including street and number, if any, of the initial registered office and the name of the registered agent of the corporation organized under the act, must be stated in the articles of incorporation. It is not required that the location of the principal office be stated in the application or in the articles of incorporation.

The act contains a provision that it shall apply to all existing corporations which might be organized thereunder. The General Corporation act is expressly repealed, with a saving clause that the repeal shall not affect any right accrued or established under the provisions of the repealed law prior to the repeal thereof.

Section 7 of the Revenue act of 1872 (Ill. Rev. Stat. 1937, chap. 120, par. 7) which is still in force, provides: "The capital stock and franchises of corporations and persons, except as may be otherwise provided, shall be listed and taxed in the county, town, district, city or village where the principal office or place of business of such corporation is located in this State."

The contention of appellant is that the Business Corporation act no longer permits a corporation to fix its principal office or place of business by a mere declaration in the articles of incorporation, and that the policy of the act, and of the Revenue act, requires that its capital stock shall be taxed at the place where its principal business is done. Our attention is called to other provisions of the Revenue act requiring the assessment of tangible personal property at its situs; that the assets of a life insurance company shall be assessed where its office is located, if its business is actually transacted there, and that if it shall establish its principal office at any place other than the one named in its articles of incorporation, then at the place where it transacts its principal business. None of these statutes tends to uphold appellant's contention. The method of assessing tangibles and assessing capital stock has always been different under our statutes.

We held, in the case of *People* v. *Chalmers & Williams Co.* 328 Ill. 413, that under the General Corporation act of 1919, the place designated in the articles of incorporation was, for the purposes of taxation, conclusively the "principal office or place of business" regardless of how much business the corporation might transact elsewhere and quoted

with approval the following language from the case of *Western Transportation Co.* v. *Scheu,* 19 N. Y. 408: "To avoid disputes as to the residence of corporations was the motive for the requirement to state the place of business. It is not important that a corporation should be taxed where it does the greater amount of business, but it is important that the place where it is liable to be taxed should be known."

Appellant claims that the purpose of maintaining the corporation's principal office at Reading is for the purpose of evading taxation, and that the *Chalmers case, supra,* is inapplicable even under the former statute, because that element was not present. There is nothing in the record which shows the establishment of the principal office at Reading was not in entire good faith. The corporation has extensive and valuable property there and that has been the location of its principal office ever since the second year after its organization. It had the right, by the statute under which it was incorporated, to choose the location of its principal office without showing any reason for its choice. The Business Corporation act contains no provision that requires or attempts to require a change of that location.

A corporation doing business in a number of places is under no duty to the State, or to any municipality, to locate its principal place of business where taxes are the highest. The facts in this case do not disclose any effort to evade taxes. The most that can be said is that the company, in selecting its principal place of business, located where it had large holdings and a lower tax rate than prevailed in other localities where its business was carried on. There is no vice in doing so. Business prudence would prompt it. If the corporation chooses to maintain its principal office at that location because the rate of taxation is less there than in other places where it does business, that choice does not indicate any fraudulent purpose or affect the validity of the location of the principal office. (*Pelton* v. *Trans-*

*portation Co.* 37 Ohio St. 450; *Union Steamboat Co.* v. *Buffalo,* 82 N. Y. 351; *Lloyd* v. *Lynchburg,* 113 Va. 627; *Western Transportation Co.* v. *Scheu, supra.*) In fact, the Business Corporation act expressly saved to corporations, then chartered, all rights which had accrued under the former law. The *Chalmers case, supra,* is directly applicable to the facts in this case.

There are several other reasons why appellant's claims cannot be upheld. The Business Corporation act does not amend section 7 of the Revenue act, either expressly or by implication. There is no inconsistency between them. When the Business Corporation act was enacted the legislature knew, by the *Chalmers case,* our interpretation of the intent and scope of section 7 of the Revenue act. They made no change in that section and our holding in the, *Chalmers case* must still be regarded as expressing the legislative intent. *People* v. *Illinois Central Railroad Co.* 314 Ill. 339.

The Business Corporation act does not change the power of a corporation to establish or to maintain a principal office at any place in the State where it may desire, regardless of where its business, or any part thereof, is done. The requirement for establishing and maintaining a registered office does not substitute the registered office for a principal office nor prohibit the registered office from being an adjunct of the principal office. There is nothing in the Business Corporation act which tends to show any intent or purpose to change the method of assessing capital stock, nor does it prescribe any different test for determining the place where capital stock of a corporation shall be assessed than was required by the prior law.

It is apparent that where a corporation does business in more than one place, the taxing of its capital stock at the place where it does the most business would result in endless confusion and uncertainty. The taxable situs might shift each year. Its principal place of business might be

in one county when it was assessed, and in another when the tax was levied. Business in two counties might be approximately equal, requiring refined calculations to determine which was the taxable situs. These factors may well have been considered by the legislature in the formation of the policy expressed in the statute to tax capital stock at the location of the principal office. There has been no change in that policy.

The decree of the circuit court is affirmed.

*Decree affirmed.*