Village of Hodgkins, a Municipal Corporation, Plaintiff-Appellant, v. George Margarites, Defendant-Appellee.

### Gen. No. 52,992.

First District, Second Division.

July 15, 1969.

Louis F. Cainkar, of Chicago, for appellant.

Joseph D. Shelly, Jr., of Hodgkins, for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

George Margarites was found not guilty, following a bench trial, of a charge of violation of Village of Hodgkins Ordinance No. 65–24, section 8–2, operating a motor vehicle without a village license sticker. The Village appeals, alleging the trial court erred in holding that the address from which a vehicle is registered, as shown by the vehicle registration identification card issued by the Secretary of State, is determinative of residence for the purpose of a municipal vehicle license tax. The ordinance involved provides:

> 8–2: LICENSE REQUIRED: It shall be unlawful for any person residing in the Village of Hodgkins, or for any firm or corporation having its principal office or place of business in the Village of Hodgkins, to use, or to cause or permit any of his, her, their, or its agents or employees to use any motor vehicle in the transportation of persons or property or the conveyance of loads upon the streets, avenues or alleys of this Village unless such motor vehicle is licensed as hereinafter provided.

At the trial the parties entered into a stipulation that if the truck driven by Margarites and owned by North Shore and Central Illinois Freight Company was not re-

quired to have a Hodgkins vehicle sticker the defendant should be found not guilty. Hence, the trial was devoted entirely to the issue of whether the vehicle driven by defendant and owned by North Shore was required to have a Hodgkins vehicle sticker.

North Shore is a corporation chartered by the State of Illinois. It maintains offices and terminals in eight locations within the State, the largest terminal and general offices being located in the Village of Hodgkins. The vehicle driven by defendant was registered with the Secretary of State from Urbana, Illinois, within which is located another of North Shore's terminals. That City does not levy a municipal vehicle tax.

The evidence presented at trial demonstrated that on February 20, 1967, defendant was issued a traffic citation in the form of a complaint for violation of the Village ordinance set out above. The arresting officer testified that the vehicle bore no Village sticker and that he had observed it entering and leaving North Shore's lot on numerous occasions since January 1, 1967, and had also observed it parked on the premises overnight. On February 20, 1967, North Shore filed with the Secretary of State amendments to its articles of incorporation and notice of change of registered office and registered agent, indicating a change of both from the Village of Hodgkins to Urbana, Illinois. Defendant's counsel, who is also secretary-treasurer of North Shore, stated to the court that the general offices of the corporation were located in Hodgkins and admitted that the corporation was a resident of the Village.

Appellant-Village contends that the only question relevant to a determination of whether a vehicle is subject to a municipal license fee is whether the owner is a resident of the municipality which seeks to collect the fee.

Defendant-appellee agrees that the "wheel tax," as municipal vehicle license fees are commonly characterized, is based on residence and that North Shore is a

resident of Hodgkins under the general rule that a corporation is deemed a resident wherever it exercises its franchise. He argues, however, that the State Enabling Statute under which the Hodgkins Ordinance was adopted contemplates that the owner of a vehicle shall be required to purchase a municipal license in one municipality only, and that therefore a corporation which is a resident of more than one municipality can be required to purchase a municipal vehicle license only in the place of its principal residence, principal residence being defined as the location of its registered office.

Ill Rev Stats, c 95½, § 32a, the Enabling Act under which the Hodgkins Ordinance was adopted provides in pertinent part:

> No owner of a motor vehicle or motor bicycle who shall have obtained a certificate from the Secretary of State and paid the registration fee as hereinbefore provided, shall be required by any city, village, town or other municipal corporation within the State other than a city, village, town or other municipal corporation in which the owner resides to pay any tax or license fee for the use of such motor vehicle or motor bicycle. The city, village or incorporated town in which such owner resides may impose a tax or license fee as is provided in section 8–11–4 of the Illinois Municipal Code, as heretofore and hereafter amended.

Section 8–11–4 of the Municipal Code sets forth the maximum limits at which a municipality may set its vehicle license fee.

We cannot agree with appellee's construction of the statute. The prohibitions of section 32a above are, in our opinion, designed to protect owners of vehicles from fees which might otherwise be levied against them for the privilege of using the streets and highways of municipal corporations other than those in which they

143

reside. It is true that for many purposes a person, whether natural or corporate, has only one residence. But from that fact alone we are not prepared to hold, as urged by appellee, that the term "residence" as applied to corporations within the context of the operation of section 32a should be interpreted to mean principal residence, i. e., location of the registered office.

The nature and purpose of a municipal vehicle license fee provide additional reason to reject appellee's contention. A municipal vehicle license is not really a license at all, since no inspection or testing is involved in its procurement. It is, in reality, a revenue measure designed to allow the costs of maintenance of the streets and highways of a municipality to be borne by those who derive the greatest benefit therefrom, the residents of the municipality. To adopt appellee's construction of the statute would be to allow some to avoid their fair share of these expenses merely because they have acquired an additional residence in another locale and have chosen to designate it as their principal residence.

■ ■ We hold that section 32a prohibits municipalities from levying a vehicle tax on nonresidents only, and the fact that a corporation may have an additional residence does not, under the statute, relieve such a vehicle owner from the operation of a vehicle license ordinance duly adopted by a municipality within which it resides. We further hold that the trial court erred in its decision that the place from which a vehicle is registered conclusively determines residence for the purpose of a municipal vehicle tax. City of Rockford v. Maxwell, 92 Ill App2d 336, 234 NE2d 563 (1968).

We do not say that a corporation having residence in different municipalities can be required to purchase a municipal vehicle tag (wheel tax) for each vehicle in each municipality of residence. In the instant case the corporation employing the defendant is a resident of the Village of Hodgkins. This corporation is not required to

144

purchase a vehicle wheel tax license for this vehicle in Urbana. In fact, Urbana does not require the payment of a vehicle tax. Therefore, the question of "double taxation" for the same vehicle does not arise.

Illinois Water Co. v. Champaign County, 367 Ill 641, 12 NE2d 661 (1937) cited as authority by the defendant cannot be helpful in the instant case. There is a vast difference between the capital stock of a corporation and numerous vehicles owned and operated by a corporation and particularly so when the vehicles are domiciled in different places in the State. The language quoted from Ex parte Schollenberger, 96 US 369 (1877) supports the position of the Village.

█ The judgment is reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.

Judgment reversed and cause remanded with directions.

BURKE, J., concurs.

McCORMICK, J., specially concurring:
While I concur in the result reached in the majority opinion I cannot fully subscribe to all of its holdings. The statement is made in the opinion:

> "We hold that Section 32a prohibits municipalities from levying a vehicle tax on non-residents only, and the fact that a corporation may have an additional residence does not, under the statute, relieve such a vehicle owner from the operation of a vehicle license ordinance duly adopted by a municipality within which it resides."

The case would seem to be one of first impression in this State. The question to be decided is that the "residence" of a corporation for the purpose of imposing a wheel

145

tax. The majority has concluded that a corporation could have its residence in many different cities, towns, villages or other municipal corporations and that it could be required to purchase a municipal vehicle license in each. A proper interpretation of the statute does not justify such a finding.

Illinois Water Co. v. Champaign County, 367 Ill 641, 12 NE2d 661 (1937), was a case involving the residence of a corporation for the purpose of a capital stock tax. While not on all fours with the instant case, many of the statements therein are applicable. The legislature had provided that the capital stock of a corporation should be at the location of its principal office, and the court observed that a corporation doing business in a number of places is under no duty to the State or to any municipality to locate its principal place of business where taxes are the highest. The court said at page 644:

> "If the corporation chooses to maintain its principal office at that location because the rate of taxation is less there than in other places where it does business, that choice does not indicate any fraudulent purpose or affect the validity of the location of the principal office. [Citing cases.]"

In Friend & Co. v. Goldsmith & Seidel Co., 307 Ill 45, 138 NE 185 (1923), the question involved was the domicile or residence of a corporation, and the court held that under the authority of Ex parte Schollenberger, 96 US 369, although a corporation has its residence and citizenship in the state where it is created, it may transact business anywhere unless prohibited by its charter or excluded by local laws. The court said at page 50:

> "In fact, however, a corporation has no home, domicile, residence or citizenship in the sense in which those terms are applied to natural persons. Whenever those words are applied to a corporation it

146

is in a figurative sense, and they are used with a vagueness of meaning which arises from the fact that they are metaphorical."

In People v. Deep Rock Oil Corp., 343 Ill 388, 175 NE 572, one of the problems considered was whether or not the State had imposed a double tax. The Supreme Court noted at page 394 that "double taxation will never be presumed, and before that effect will be given a statute it must unmistakably appear that the legislature so intended it. New York Central Railroad Co. v. Stevenson, 277 Ill 474; Tennessee v. Whetworth, 117 US 129; Cooley on Taxation, 165."

As in the case before us, the tax under review in Deep Rock was a privilege or use tax. Double taxation ordinarily refers to a situation wherein one governmental unit imposes the same tax for the same purpose on one individual or corporation twice in the same taxing year. Technically, a pure double taxation matter is not presented by this appeal since the tax which the plaintiff seeks to levy upon the defendant is the first such tax it imposed upon the defendant during the taxing year in question.

However, to construe the statute as the majority has would permit many different governmental units to impose a use tax on the same corporation—a situation which, while not identical, is closely related to double taxation. Although it could be argued that such various taxes would be for different uses, namely, uses of different roads, statutory language conferring the power of taxation to local municipalities must be strictly construed (People v. Mills Novelty Co., 357 Ill 285, 192 NE 236), and language tending to protect the taxpayer should be liberally construed. People v. New York Cent. R. Co., 356 Ill 67, 190 NE 94.

If there is any doubt regarding the extent of the power conferred upon the municipality the doubt should be re-

solved against the municipality. Condon v. Village of Forest Park, 278 Ill 218, 115 NE 825; Arnold v. City of Chicago, 387 Ill 532, 56 NE2d 795.

The enabling act only justifies a municipality's taxing a corporation which has its principal office or place of business in such municipality. The common construction of the term "residence" when referring to a corporation is the corporation's principal place of business, and while a corporation may have many residences for some purposes, such as for venue, it does not follow that such rule should be applicable when dealing with a statute enabling local authorities to impose taxes. Unless the legislature clearly indicates the opposite, the scope of the delegated taxing power should be narrowly construed, and although such narrow construction as applied to this case would permit the plaintiff to impose the contested tax, it would not permit other municipalities to do the same.

It appears that on the date in question the principal place of business of the corporation was the Village of Hodgkins; and since the Village, by its own ordinance, had provided that the tax could be imposed on corporations having their principal office or place of business in the Village of Hodgkins, the imposition of the tax on the defendant was proper.

The judgment of the trial court was properly reversed.