(No. 44127.—

THE PEOPLE *ex rel.* County of Kane *et al.,* Petitioners, *vs.* CLAIRE CRAWFORD *et al.,* Respondents.

*Opinion filed April 13, 1971.—Rehearing denied April 23, 1971.*

L. M. OCHSENSCHLAGER, Special Assistant State's Attorney, of Aurora, for petitioners.

WILLIAM J. SCOTT, Attorney General, of Chicago, for respondents the Director of Revenue *et al.*

JAMES K. YOUNG, of Lombard, for respondents Claire Crawford *et al.*

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Upon allowance of a motion filed pursuant to our Rule 381 (43 Ill.2d R. 381), petitioners have filed a "Petition for Original Writ of Mandamus and for Determination of Legal Issue Directly Involving Revenue."

Petitioners allege that petitioner County of Kane is a body politic of the State of Illinois and petitioner James Fitzgerald is its duly elected, qualified and acting county collector; Northern Illinois Gas Company, an Illinois corporation, hereafter called Northern Illinois, has maintained its principal office, by its own designation, for more than 17 years, in the city of Aurora, in Kane County; it services an area comprised of more than 35 counties, including Du Page; respondent Robert J. Lehnhausen, hereafter called the Director, is the duly appointed, qualified and acting Director of the Department of Local Government Affairs of the State of Illinois; respondent George E. Mahin is the duly appointed, qualified and acting Director of the Department of Revenue of the State of Illinois; respondent Philip F. Locke, hereafter called Locke, is a circuit judge in the eighteenth judicial circuit (Du Page County); on February 5, 1971, the respondent Director caused to be published in the Illinois State Register a list of corporations, including Northern Illinois, showing the assessed value of its capital stock and that it had designated an address in Kane County as the location of its principal office; that no objection was made either to the assessed value, or the designation of its principal office, within 10 days of the publication; that in an action filed by respondents Claire Crawford and Stephen Wilk, in the circuit court of the eighteenth judicial circuit (Du Page County), respondent Locke issued a temporary restraining order,

without notice and without bond, enjoining respondent Director from certifying the capital stock tax assessment of Northern Illinois to any county other than Du Page. Based upon contentions hereafter discussed petitioners pray the issuance of a writ of *mandamus* directed to respondent Locke, as judge of the circuit court of Du Page County to expunge from the record the order of injunction as entered and subsequently extended.

In a second count of the petition, petitioners pray the issuance of a writ of *mandamus* directed to the respondent Director to certify to the County of Kane the capital stock tax assessment of Northern Illinois.

Petitioners contend that under the holding of *Illinois Water Service Co.* v. *Champaign County,* 367 Ill. 641, Northern Illinois having selected a location in Kane County as its "principal office or place of business," its designation is binding on the Director, and the amount of the assessment having been determined, the assessment must be certified to the county clerk of Kane County in accordance with section 151 of the Revenue Act of 1939. Ill. Rev. Stat. 1969, ch. 120, par. 632.

Respondents Crawford and Wilk contend, and the Director admits that they demanded a review in accordance with section 137 of the Revenue Act of 1939, and that such review was denied. They argue that they have properly sought administrative review as provided in section 138 of the Revenue Act of 1939, that there are factual issues for determination and since under Rule 381 only issues of law are considered, *mandamus* may not issue.

The General Corporation Act (Laws of 1919, p. 312) provided that the statement of incorporation designate, *inter alia,* "The location of its principal office in this State * * *." (p. 316.) The Business Corporation Act (Laws of 1933, p. 308) provides for a "registered office" (p. 316) and makes no mention of a "principal office."

Section 7 of "An Act for the assessment of property

and for the levy and collection of taxes" (Ill. Rev. Stat. 1937, ch. 120, par. 7) insofar as here pertinent provides: "The capital stock * * * of corporations * * * shall be listed and taxed in the county, town, district, city or village where the principal office or place of business of such corporation is located in this state."

*Illinois Water Service Co.* v. *Champaign County* was decided by this court on December 17, 1937, and rehearing was denied on February 3, 1938. Thereafter the General Assembly enacted the Revenue Act of 1939 (Laws of 1939, p. 886) which repealed "An Act for the assessment of property and for the levy and collection of taxes."

Section 57 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 538) provides: "The capital stock * * * of corporations * * *, except as may be otherwise provided, shall be listed and taxed in the taxing district where the principal office or place of business of such corporation is located in this state, * * *."

In *City of Champaign* v. *Champaign Township*, 16 Ill.2d 58, this court said at page 64, "It is axiomatic that a re-enacted statute will be given the same construction as that given the prior act which it follows, since the legislature is presumed to know the construction the statute has been given and, by re-enactment, is assumed to have intended for the new statute to have the same effect. [Citations]."

We find nothing in the Revenue Act of 1939 or the Business Corporation Act which supports any conclusion other than that the legislative intent is that Northern Illinois's designation is binding, and the writ should issue to the respondent Director as prayed.

The parties have briefed and argued the propriety of the issuance of the temporary writ of injunction in light of the provisions of "An Act to revise the law in relation to injunction" (Ill. Rev. Stat. 1969, ch. 69, par. 1 *et seq.*) and in view of the alleged absence of necessary parties to the action brought in Du Page County. Because of our

holding that the writ directed to the Director must issue, we do not find it necessary to discuss these contentions, and deem it sufficient to say the writ of injunction was improvidently issued and must be expunged.

Respondents Claire Crawford and Stephen Wilk contend that if Northern Illinois's designation of Kane County as its principal place of business is permitted to stand, it will result in a gross inequity to the taxpayers of Du Page County. Further, they argue, the tax rate in Kane is substantially higher than that in Du Page and payment of taxes in the greater amount is unfair to Northern Illinois's customers and shareholders. The first argument is one for consideration by the General Assembly. The alleged inequities resulting from payment of the higher tax might possibly be considered by the Commerce Commission in fixing Northern Illinois's rates, or by a court in a shareholders' derivative action, but are not material to the issues here under consideration.

For the reasons stated a writ of *mandamus* will issue directing the respondent Robert J. Lehnhausen, Director of the Department of Local Government Affairs of the State of Illinois, to certify to the county clerk of the County of Kane the capital stock assessment of the Northern Illinois Gas Company.

A writ of *mandamus* will also issue directing the respondent, the Honorable Philip F. Locke, judge of the circuit court for the eighteenth judicial circuit, Du Page County, to expunge the injunction order entered in the cause described in the petition, and subsequently extended.

*Writ awarded.*