(No. 49919.-

DONALD R. STRYKER, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

*Opinion filed October 6, 1978.*

GOLDENHERSH, J., WARD, C.J., and MORAN, J., dissenting.

Ludolph J. Wilson, of Wilson, Staben & Wilson, of Waukegan, for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, Donald R. Stryker, brought this action for a declaratory judgment in the circuit court of Lake County seeking to determine whether a provision in an automobile liability policy issued to him by defendant, State Farm Mutual Automobile Insurance Company, violates public policy and is therefore ineffective. The provision in question requires that any amount payable for bodily injury under uninsured motorist coverage be reduced by benefits paid an insured for such injury under any workmen's compensation law. The circuit court, citing this court's opinion in *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, upheld the policy provision and entered summary judgment for the defendant. A divided appellate court affirmed (50 Ill. App. 3d 879), and we granted plaintiff leave to appeal.

Plaintiff's complaint alleged that he was involved in an automobile collision with a vehicle owned and operated by an uninsured driver; that at the time of the accident plaintiff was insured under a policy issued to him by defendant; that the policy included uninsured motorist coverage in the amount of $10,000 but a setoff provision in the policy reduced defendant's liability by amounts paid under workmen's compensation law; that plaintiff received benefits from his employer for injuries sustained in the accident pursuant to the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*), but that plaintiff's damages exceeded the amount of compensation payments; that his employer's workmen's compensation carrier "waived any subrogation rights to amounts which may be payable under the [un]insured motorist provisions" of plaintiff's policy; and that an actual controversy existed between plaintiff and defendant regarding plaintiff's rights under the insurance policy. Plaintiff subse-

quently filed an admission of the fact that workmen's compensation benefits received by him exceeded the $10,000 policy limit.

In *Ullman,* the plaintiff sought a judgment declaring that the same setoff provision in question here violated the public policy expressed by the uninsured motorist statute (Ill. Rev. Stat. 1965, ch. 73, par. 755a), which required all automobile liability insurance policies to contain uninsured motorist coverage in the amount mandated for liability protection by the Financial Responsibility Law (minimums of $10,000 per person and $20,000 per accident (Ill. Rev. Stat. 1965, ch. 95½, par. 7–203)). Plaintiff there contended the statute manifested a legislative intent that an insurer should not be permitted to reduce its liability by any method, including a reduction for benefits paid plaintiff under the workmen's compensation law, below the minimum provided in the Financial Responsibility Law. In holding for defendant, the court noted that there was no language in the then-applicable uninsured motorist statute either prohibiting or authorizing the insurer to make such deductions. It based its decision on the fact that the Workmen's Compensation Act (Ill. Rev. Stat. 1965, ch. 48, par. 138.5(b)) required an employee who had received compensation under the Act to reimburse the employer from any recovery the employee received from a third party legally responsible for the employee's injuries, the employee being entitled to keep only that portion of the recovery which exceeded the benefits paid the employee as compensation. Because of this obligation, the court reasoned that "if the deduction challenged here is permitted, the employee's position is the same under the uninsured motorist's coverage as it would be had the tortfeasor carried the minimum insurance. Where the tortfeasor is insured, the employee reimburses his employer in full from the recovery from the tortfeasor. Where the tortfeasor is uninsured, the benefits paid by the

employer are deducted from the recovery. If the benefits paid by the employer exceed the amount payable under the coverage, as here, the insurance carrier is without liability. In neither instance does the employee retain both compensation from the employer and identical damages from the tortfeasor. The deduction provision does not cause the employee with uninsured motorist's coverage to have less financial protection than he would have had if the tortfeasor had carried insurance in the minimal amount." (48 Ill. 2d 1, 7.) The setoff provision was thus upheld.

The posture of the parties in the present case is essentially the same as in *Ullman* with one exception. Plaintiff and the compensation carrier here have reached an agreement whereby, it is alleged: "[T]he workman's compensation insurance carrier *** has waived any subrogation rights to amounts which may be paid under the insured [*sic*] motorist provisions of the *** automobile insurance policy ***." Plaintiff maintains that this "waiver" means that any recovery by him need not be turned over to his employer or his workmen's compensation carrier and that, consequently, the rationale of *Ullman* is not applicable. Plaintiff's argument, however, misconstrues the reasoning of the *Ullman* opinion. That opinion did not hold that the proceeds of uninsured motorist coverage were subject to the reimbursement rights created by the Workmen's Compensation Act in favor of the payor of workmen's compensation benefits (Ill. Rev. Stat. 1965, ch. 48, par. 138.5(b)). Indeed, there is considerable uncertainty whether that right encompasses uninsured motorist proceeds. Under the Workmen's Compensation Act, where the injury "was caused under the circumstances creating a legal liability for damages on the part of some person other than [the] employer to pay damages, then legal proceedings may be taken against such other person," and from the proceeds "there shall be paid

to the employer the amount of compensation paid \*\*\* to [the] employee." (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(b).) Our research reveals no opinion of this court deciding whether this statutory right or common law subrogation principles give the compensation payor a right to reimbursement from uninsured motorist proceeds as well as proceeds recovered from the tortfeasor. Nor is it necessary to decide that question here.

The *Ullman* court focused upon the purpose of the uninsured motorist statute, which was to place the insured in substantially the same position he would have occupied had the tortfeasor been insured. Since, had the tortfeasor been minimally insured, the compensation carrier's rights to reimbursement would have precluded recovery by the plaintiff, the setoff provision did not operate in derogation of public policy and there was no reason to invalidate it. In *Ullman* the court was not concerned with the question whether, if recovery were allowed, plaintiff would benefit from it. Rather, it compared the result if the setoff was upheld with the result if the tortfeasor had been insured.

A similar comparison in this case yields the same conclusion. If the tortfeasor had been minimally insured, the workmen's compensation carrier's right to reimbursement from those proceeds would have precluded any benefits to plaintiff therefrom. Here, the tortfeasor was uninsured and the setoff provision prevents plaintiff from receiving those proceeds. Thus plaintiff is in no better or worse position than he would have been if the tortfeasor had been minimally insured, and *Ullman* is precisely on point. Even if we assume that the "waiver" of "any subrogation rights" the compensation carrier might have against uninsured motorist proceeds was in fact a waiver of an extant right, a proposition yet to be decided, that "waiver" is simply irrelevant to the holding in *Ullman*.

Although plaintiff asks us to overrule *Ullman,* he presents no persuasive reasons for doing so. To the

contrary, the uninsured motorist statute has been reenacted by the General Assembly since that decision without any suggestion that *Ullman* did not correctly reflect the public policy of this State. "[T]he re-enactment of a statute which has been judicially construed is an adoption of the construction, unless a contrary intent clearly appears." (*Gaither v. Lager* (1954), 2 Ill. 2d 293, 301.) This rule has been termed "axiomatic" by this court (*People ex rel. County of Kane v. Crawford* (1971), 48 Ill. 2d 227, 230, citing *City of Champaign v. City of Champaign Township* (1959), 16 Ill. 2d 58, 64), "since the legislature is presumed to know the construction the statute has been given and, by re-enactment, is assumed to have intended for the new statute to have the same effect" (48 Ill. 2d 227, 230; 16 Ill. 2d 58, 64).

Finally, we are not persuaded by the contention that plaintiff, having paid a premium for uninsured motorist coverage, is therefore entitled to recover. This policy, like all others, is a contract between the company and the policyholder, the benefits of which are determined by the terms of the policy purchased insofar as those terms are not contrary to public policy. The terms of this policy, held valid in *Ullman*, do not entitle the policyholder to recover under the circumstances present here. Premiums are computed on the basis of the coverage provided, and plaintiff did not pay a premium for the coverage he now claims.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. The decision in *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, upon which this opinion rests, is based on a faulty premise rendered no less fallacious by the passage of time. As Mr. Justice Ward's dissent in *Ullman* so eloquently states it, the recovery "in

the case of an uninsured tortfeasor is based on a contract the employee has had with a third person, *i.e.,* the insurance company, which for a premium provided him with uninsured motorist coverage. There can be no well-founded objection to a so-called double recovery under these circumstances. To deny the employee full recovery is to cause, as I see it, an unjust enrichment of the insurance company to which premiums have been paid." (48 Ill. 2d 1, 10.) *Ullman* was wrongly decided and we should not perpetuate error in the manner which the majority opinion does in this case.

WARD, C.J., and MORAN, J., join in this dissent.