DENNIS PARKER, Plaintiff-Appellee, v. AMERICAN STATES INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 2—89—0397

Opinion filed January 26, 1990.

Mark A. Pheanis and John C. Bartler, both of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellant.

Anthony F. Mannina, of Wheaton, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, American States Insurance Company, appeals from the order of the trial court which granted the plaintiff's, Dennis Parker's, motion for summary judgment. On appeal, the defendant contends that the trial court erred in finding that defendant's insurance policy provision authorizing a setoff of the plaintiff's worker's compensation benefits against underinsurance violates the underinsurance section of the Insurance Code (the Code) (Ill. Rev. Stat. 1987, ch. 73, par. 755a—2(3)) and is, therefore, void as against public policy. We conclude that the statute does not prohibit the setoff, and we reverse the judgment and remand the cause.

The plaintiff brought the instant action for declaratory judgment seeking a determination of his rights pursuant to the underinsurance provision in the automobile liability policy issued to him by defendant. The policy provision requires that any amount payable for bodily injury under the policy's underinsured motorist coverage be reduced by benefits paid or payable to an insured for such injury under any worker's compensation or disability benefits law or any similar law. The circuit court granted plaintiff's motion for summary judgment. The court found that section 143a—2(3) of the Code (Ill. Rev. Stat. 1987, ch. 73, par. 755a—2(3)) expressly limits any reduction in an insurer's

underinsurance liability to amounts the insured is able to recover under the applicable bodily injury insurance policies maintained on the underinsured motor vehicle. The court then held that this language prohibited any other reductions. Defendant's timely appeal ensued.

Plaintiff's complaint alleges that he was involved in an automobile collision with Stacey Hansen on October 12, 1985. Hansen had a $50,000 automobile liability policy with State Farm Insurance. At the time of the collision, plaintiff had automobile liability insurance with defendant with uninsured/underinsured motorist coverage in the amounts of $100,000 per person, $300,000 per accident. Plaintiff informed defendant that Hansen's liability policy was inadequate to cover the damages he sustained and that he intended to make a claim on his underinsurance coverage. On June 23, 1988, Hansen's insurer, State Farm, tendered plaintiff a check for $50,000 in settlement of his claims against Hansen.

Because plaintiff was within the scope of his employment at the time of the collision with Hansen, he received worker's compensation benefits for his injuries. On August 9, 1988, the Industrial Commission approved defendant's lump-sum settlement with his employer in the amount of $52,646.56. Pursuant to section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b)), the Universal Underwriters Insurance Company, the workers' compensation insurer of plaintiff's employer, arguably was entitled to be reimbursed with defendant's $50,000 settlement paid by State Farm.

Plaintiff duly notified defendant of his settlements with State Farm and with Universal Underwriters. Defendant declined coverage pursuant to the underinsurance provision claiming that plaintiff had already received $102,646.56; thus, plaintiff had received benefits in excess of his underinsurance policy limit of $100,000.

The sole issue on appeal is whether the underinsurance provision, which provides for a reduction in underinsurance benefits for worker's compensation or similar benefits paid or payable to the insured, is contrary to section 143a–2(3) of the Code. We conclude that the statute neither prohibits nor authorizes such a reduction; we further conclude that such a reduction does not offend public policy.

The statute at issue provides in pertinent part:

> "For the purpose of this Act the term 'underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in the policy, and for which the sum of the limits of liability under all bodily injury liability insurance policies or under bonds or other security required to be maintained under Illinois

law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle, is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." Ill. Rev. Stat. 1987, ch. 73, par. 755a—2(3).

The underinsurance provision in the plaintiff's automobile liability policy issued by the plaintiff provides that underinsurance benefits payable by defendant for damages sustained by plaintiff "shall be reduced by: *** (2) all sums paid or payable because of the bodily injury under any workers' compensation, disability benefits law or similar law." The trial court found this policy language to be in violation of the intent of the statute set forth above. Specifically, the trial court stated:

"It is our opinion that the legal effect of [section 143a—2(3)] is to require that insurers provide coverage in the amount stated in the policy, with credit given to reduce that coverage *only* for amounts actually recovered by their insured from 'bodily injury insurance policies, bonds or other security maintained on the under-insured [*sic*] vehicle'. It does not authorize reduction of the coverage by virtue of workman's [*sic*] compensation benefits, or indeed any other collateral resource which might be available to their insured." (Emphasis added.)

If the trial court's interpretation of the statute is correct, then defendant's underinsurance policy provision providing for a reduction in benefits based on worker's compensation or other benefits its insured may receive is inconsistent with the statute and must fall. (See *Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 854.) However, we do not agree with the trial court's interpretation.

■ As the appellate court has recently observed, section 143a—2(3) of the Code "does not enumerate all available credits which may be claimed by the insurer against its underinsured motorist liability. Instead, the statute sets forth the formula by which the insurer's maximum liability for underinsured motorist coverage may be determined." (*Adolphson v. Country Mutual Insurance Co.* (1989), 187 Ill. App. 3d 718, 721.) The *Adolphson* court noted that the term "limits," in the context of the statute, sets a ceiling or maximum amount the

insurer providing the underinsurance coverage must pay rather than a floor or minimum. The plain language of the statute does not prevent the insurer from reducing its liability by amounts paid pursuant to worker's compensation or other disability or similar laws.

Using reasoning consistent with that used by the *Adolphson* court, the supreme court has held that the language in the *un*insured motorist statute (Ill. Rev. Stat. 1987, ch. 73, par. 755a) neither prohibits nor specifically authorizes the reduction of *un*insured motorist coverages by worker's compensation benefits paid or payable to the insured. (See *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1.) This holding was affirmed in *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507.

In both *Ullman* and *Stryker*, the supreme court stated that, in the absence of a statutory provision to the contrary, a policy provision permitting an insurer to deduct worker's compensation payments made to its insured from *un*insured motorist coverage was not offensive to public policy. *Ullman*, 48 Ill. 2d at 7-8; *Stryker*, 74 Ill. 2d at 511-13.

In the interim between the supreme court's decision in *Ullman* in 1970 and its decision in *Stryker* in 1978, the legislature reenacted the *un*insured motorist statute "without any suggestion that *Ullman* did not correctly reflect the public policy of this State." (*Stryker*, 74 Ill. 2d at 513.) As the trial court in the instant cause has correctly observed, the legislature's reenactment of the uninsured motorist statute following the ruling in *Ullman* indicates the legislature's intent that the new uninsured motorist statute have the same effect as contained in the supreme court's ruling. See also *Stryker*, 74 Ill. 2d at 513.

We turn now to a consideration of the instant *under*insured motorist statute, which the legislature enacted in 1980, following *Stryker*. In adding uninsured motorist provisions to the statute which provided for underinsured motorist coverage, the legislature acted with knowledge that the supreme court had authorized the deduction of worker's compensation benefits from uninsured motorist liability payments. Nevertheless, it failed to include any explicit language prohibiting a similar deduction in the clearly related underinsured motorist liability payments.

■ The statutory language upon which the trial court and plaintiff focused, "[t]he limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underin-

sured motor vehicle" (Ill. Rev. Stat. 1987, ch. 73, par. 755a—2(3)), not only explicitly authorizes, but in fact mandates, a specific deduction from underinsured motorist benefits. The purpose of this deduction is clear: it prevents double recovery by the injured insured. Equally clear is the fact that this language is unnecessary in the uninsured motorist statute. The danger of double recovery simply does not exist where the injured insured is injured by an uninsured motorist. This, we believe, is the single significant difference in the uninsured and underinsured motorist statutes. Otherwise, the statutes mandating uninsured and underinsured coverage are cut from the same cloth and further similar public policies: to ensure that the injured insured is in no less fortunate position following a collision with an uninsured or underinsured motorist than had he been in a collision with an underinsured motorist. (See *Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 468; *Logsdon v. Shelter Mutual Insurance Co.* (1986), 143 Ill. App. 3d 957, 960.) For this reason, we conclude that the policy discussions in *Ullman* and *Stryker* have persuasive application here.

We conclude that the underinsured motorist coverage statute does not preclude an insurer from deducting worker's compensation benefits from amounts it must pay its insured. This conclusion is based upon the policy discussions in *Ullman* and *Stryker*. It is also based upon the complete absence of any statutory indication to the contrary and upon the reasoning in *Adolphson*. In view of this conclusion, and in view of the instant policy's unambiguous provision for deducting worker's compensation benefits from underinsured motorist benefits, we reverse the judgment of the trial court which granted summary judgment to plaintiff. We remand the cause for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

UNVERZAGT, P.J., and DUNN, J., concur.