NEVA A. SULSER, Indiv. and as Special Adm'r of the Estate of George R. Sulser, Deceased, Plaintiff-Appellant, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 5—90—0167

Opinion filed January 29, 1991.

Craig R. Reeves and William L. Broom III, both of Barrett, Twomey, Morris, Broom & Hughes, of Carbondale, for appellant.

Michael F. Dahlen, of Feirich/Schoen/Mager/Green, of Carbondale, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Neva A. Sulser, appeals from the entry of judgment on the pleadings granted by the circuit court of Jackson County in favor of defendant, Country Mutual Insurance Company. We reverse and remand.

Plaintiff's husband was killed in a motor vehicle accident involving an underinsured motorist. At the time of the accident, the Sulsers had an insurance policy with Country Mutual which provided for underinsured motorist benefits in the amount of $100,000. Plaintiff already recovered $50,000 from the underinsured motorist and now seeks pay-

ment from Country Mutual in the amount of $50,000, that is, $100,000 (the limit of underinsured motorist benefits) less $50,000 recovered from the underinsured motorist. Country Mutual, however, claims any workers' compensation benefits received by plaintiff should also be deducted from the $100,000 limit of underinsured motorist benefits. The trial court agreed with Country Mutual and accordingly granted its motion for judgment on the pleadings. We believe the trial court erred in so ordering.

The issuance of underinsured motorist coverage in Illinois is governed by section 143a—2(3) of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1987, ch. 73, par. 755a—2(3)). This section states: "The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." In contrast, section 143a(4) pertaining to *uninsured* motorist coverage provides: "In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payments shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the property damage, bodily injury or death for which such payment is made ***." (Ill. Rev. Stat. 1987, ch. 73, par. 755a(4).) Viewing these two provisions together, it is clear underinsured and uninsured motorist coverages are not identical under the Code. Under the uninsured motorist's provision, an insurer is entitled to deduct workers' compensation payments from uninsured motorist coverage as "any rights of recovery of such person against any person or organization legally responsible for the property damage, bodily injury or death for which such payment is made." Underinsured motorist coverage, on the other hand, does not include a provision which can be interpreted to include a deduction for workers' compensation benefits. Clearly an injured worker's statutory remedies under the workers' compensation law do not comprise "policies, bonds or other security." Rather, underinsured motorist coverage is subject only to those deductions and setoffs expressly listed. Had the legislature intended to allow an insurer to deduct workers' compensation benefits from underinsured motorist coverage, it would have enacted similar, if not identical, language as that used in connection with uninsured motorist coverage. We therefore conclude the Code simply does not authorize a setoff of workers' compensation benefits against underinsured motorist cover-

age. Consequently, any deduction for such payments is in error.

■ We acknowledge the second district in *Parker v. American States Insurance Co.* (1990), 193 Ill. App. 3d 671, 550 N.E.2d 40, has reached the opposite conclusion under similar circumstances. We, however, choose not to follow *Parker*. We believe the second district failed to adequately consider the difference in the language of the two provisions and relied on cases pertaining primarily to uninsured motorist coverage. We also acknowledge Country Mutual's policy language specifically allows for a setoff of any workers' compensation recovery from underinsured motorist coverage, and we further recognize that generally parties are free to make their own contracts. Where a policy provision is inconsistent with statutory law, however, the latter must control. See *Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 854, 362 N.E.2d 1355, 1357-58.

For the aforementioned reasons, we reverse the decision of the circuit court of Jackson County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.