EARL COLE, Plaintiff-Appellee, *v.* INLAND NATIONAL INSURANCE COMPANY, Defendant-Appellant.

(No. 70-144; ▮▮▮▮▮▮)

Third District—August 17, 1971.

Davis, Morgan & Witherell, of Peoria, for appellant.

Theodore Korb, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Inland National Insurance Company, Defendant-Appellant, issued an automobile liability policy to one Dickey, which policy included medical pay and uninsured motorist coverages. Earl Cole, Plaintiff-Appellee, while a passenger in Dickey's automobile, was injured in a collision with an automobile driven by an uninsured motorist. Pursuant to the arbitration provisions of the uninsured motorist coverage the claim was submitted to arbitration and an award of $3,000 in favor of Cole was made by the arbitrator. Thereafter Inland tendered to Cole the amount of $1,927, representing the amount of the award ($3,000) less $1,073, being the amount that Inland had previously paid to Cole for medical expenses under the medical payments coverage of the policy. Cole declined to accept such amount and applied to the Circuit Court of Peoria County seeking judgment for $3,000, the full amount of the award. The trial court entered judgment for $3,000 and Inland has appealed from such judgment.

In response to plaintiff Cole's application for judgment on the award Inland moved to dismiss the petition claiming the right to deduct previously paid medical expenses from the award. The court called the arbitrator as a court's witness and from the court's questioning as well as that of the plaintiff it appeared that evidence of medical expenses had been

presented at the arbitration hearing, that Inland had not made any claim that the medical expenses had been paid or that the same should not be included in the award and further that the arbitrator considered the amount of the award to be in addition to medical expenses. The award contained the usual phrase that it was "\* \* \* in full settlement of all claims submitted to this arbitration." The court denied defendant's motion to dismiss the petition and defendant set up the same defense by way of answer. Thereafter the trial court entered judgment in favor of plaintiff for $3,000. In seeking to reverse the judgment of the trial court defendant Inland argues the trial court's judgment is erroneous because (1) the medical pay provisions and payments made pursuant thereto are properly deductible from the uninsured motorist coverage; (2) the arbitrator may not impeach his award; and (3) the amounts of the payments for medical expenses are properly deducted from any claim or award under the uninsured motorist coverage provision.

Under Part 4 of the insurance policy in question, which part affords protection against uninsured motorists, it is provided that "The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part 2."

We find it unnecessary to decide the merits of defendant's first argument namely that it is proper in Illinois to limit or reduce the maximum amount payable under an uninsured motorist provision by amounts paid under the medical pay protection afforded by other provisions of the policy. The total amount of plaintiff's claim does not exceed the limits of the uninsured motorist coverage whichever view is applicable. Consequently we find it unnecessary to decide such issue on this appeal.

The principal questions which we believe this appeal presents are first, whether payment made under medical payment coverage may be deducted from amounts claimed to be due under uninsured motorist coverage and second, whether the procedure resorted to was appropriate. It is our conclusion that in entering judgment for the full amount of the award the trial court acted correctly.

The general philosophy and policy considerations in uninsured motorist coverage has received extensive consideration in the recent cases of *Ullman v. Wolverine Insurance Company*, 48 Ill.2d 1, 269 N.E.2d 295, and *Putnam v. New Amsterdam Casualty Co.*, 48 Ill.2d 71, 269 N.E.2d 71. Neither of the foregoing cases involve the relation of medical pay provisions to uninsured motorist provisions, nor for that matter have there been any Illinois cases dealing with the subject called to our attention.

Unlike many of the other problems arising from uninsured motorist coverage provisions the manner in which medical payments are treated may involve the issue of double payment of the same expense. *Tuggle v. Government Employees Insurance Company* (Fla. 1968), 207 So.2d 674 and *Stephens v. Allied Mutual Insurance Company* (1968), 182 Nebr. 562, 156 N.W.2d 133, represent the application of the rule that no deductions or limitations on the uninsured motorist coverage ought to be permitted and this is particularly true where the medical payments coverage is afforded by an independent provision of the policy. As pointed out in a dissenting opinion in the *Tuggle* case, such a broad application of the rule lead to double payment of medical expenses, a result which is appropriate or necessary to afford the insured a full protection of an uninsured motorist provision.

It is our view that there is no policy consideration underlying uninsured motorist coverage which requires an application of the insurance policy provisions which will result in double payment of medical expenses. Permitting deduction of the payment made under the medical expense coverage as is provided by a provision of the policy, avoids double payment of this expense by the insurer without reducing the protection afforded the insured under the uninsured motorist coverage. Were such protection reduced then a different question would arise. *L'Manian v. American Motorist Ins. Co.* (Conn. Cir. App. Div. 1967), 236 A.2d 349, *Northwestern Mutual Insurance Company v. Rhodes* (Dist. Ct. App. 1965), 47 Cal.Rptr. 467, and *Fisher v. State Farm Mutual Automobile Insurance Co.* (Dist. Ct. App. 1966), 52 Cal.Rptr. 721, have been called to our attention as having a more or less direct application to the problem on this appeal. In the *L'Manian* and *Northwestern Mutual Ins. Co.* cases awards were made by arbitrators under uninsured motorist coverages and thereafter the insureds applied to the court for additional damages under the medical payments coverage. In neither of the cases had there been any payment under the medical payments coverage prior to the entry of the arbitration award. Both cases concluded that the insured was not entitled to additional compensation, each case being predicated on the presumption or stipulation that the award included medical expenses.

In the *Fisher v. State Farm Mutual Automobile Ins. Co.* case, *supra*, a case indistinguishable on its facts from the instant case, the court reaffirmed its conclusion in *Northwestern Mutual Ins. Co. v. Rhodes, supra*, so far as holding that policy provisions should be applied so as to avoid double payment of medical expenses. However the *Fisher* case held that where such medical payment had been made prior to arbitration it was

the duty of the Company to make its claim of deduction in the arbitration proceeding and failing to do so the Company was not entitled to a set off therefore in an action for judgment on the award.

The *L'Manian*, *Northwestern* and *Fisher* cases are consistent in at least two respects first, they conclude that the insurance policy provisions are appropriately designed to avoid double payment of the same expenses and second, that the arbitration proceeding is the appropriate forum for determining the issue. Furthermore as stated in *Fisher*, if the insurer fails to make and support his contention before the arbitrator the award may not therefore be questioned for such reason. We believe that this is an appropriate procedure in accord with the provisions of the insurance policy and provides an ample means for the insurer to avoid double payment.

We believe that the rule announced in the *Fisher* case is even more appropriate to the case at bar since in *Fisher* it appears that both parties admitted the award included medical expenses. In the case at bar there is testimony of the arbitrator called as a court's witness, that the award did not include medical expenses. In this connection we do not feel it necessary to determine whether the testimony of the arbitrator was or was not an impeachment of his award. Not only was the arbitrator called as a court's witness but each party has found some solace in the arbitrator's testimony in an effort to show the underlying basis of the award.

Finding no error in the judgment of the Circuit Court of Peoria County the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.