RICHARD A. McDONALD, Plaintiff-Appellant, v. COUNTRY MUTUAL IN-
SURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—84—0610

Opinion filed May 7, 1985.—Modified on denial of rehearing June 26, 1985.

Craig M. Armstrong, of Ottawa, for appellant.

Gale F. Murrin III, of Hupp, Irion, Hupp, & Murrin, P.C., of Ottawa, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Richard McDonald, the plaintiff, appeals from the order which declared his medical payments claim untimely and limited his recovery for bodily injury from the defendant, Country Mutual Insurance Company.

The facts are not in dispute. On September 9, 1978, the minor plaintiff was severely injured while riding as a passenger in a vehicle driven by Kevin Gray, an uninsured motorist. The accident occurred when the automobile left the roadway and struck a tree.

On the date of the occurrence, the plaintiff resided with his father, William McDonald (hereafter McDonald), to whom the defendant had issued four personal vehicle policies, each with $10,000 limits for uninsured-motorist coverage and $5,000 limits for medical payment coverage. The fifth policy issued to McDonald provided $50,000 uninsured-motorist coverage and $5,000 medical payment coverage. McDonald's employer, Caterpillar Tractor Company, paid $35,452.75 for the plaintiff's medical treatment.

On January 24, 1979, the plaintiff, by his mother and next friend, Mary McDonald, filed a complaint for damages against Gray. The plaintiff attained the age of majority on December 3, 1979. On April 9, 1981, after the tortfeasor's uninsured status was determined, that suit was dismissed. Two months later, the plaintiff demanded the defendant pay his claim pursuant to McDonald's uninsured-motorist coverage. On December 2, 1981, the plaintiff filed an action for declaratory judgment which was later amended to a negligence action. The plaintiff subsequently demanded $25,000, the amount of the stacked medical payment limits, and an additional $50,000, the uninsured-motorist limits pro-

vided in policy No. A12A1245401.

The court declared the plaintiff's claim for medical payments untimely and awarded him $10,000, the statutory limits for bodily injury caused by an uninsured motorist.

The plaintiff initially argues on appeal that his claims for uninsured-motorist coverage and medical payment coverage were both timely; that coverage relates back to the timely date of originally filing suit; and instead of depriving him of his right to file this suit, the nonsuit extended the limitations period. The defendant argues in response that both aspects of the plaintiff's claim are barred by his failure to notify the defendant within the policy time limit; that the plaintiff waived consideration of the effect of the voluntary dismissal; and that this suit against a new party was not affected by originally dismissing the tortfeasor.

The mandatory uninsured-motorist coverage assures an insured recovery of at least the amount required by the Financial Responsibility Law, whether or not the tortfeasor is insured. (*Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.) Thus, this coverage protects the insured against injuries caused by uninsured motorists and complements the liability coverage. *Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543.

Undisputably, the plaintiff, as a resident of McDonald's household, was insured against bodily injury by uninsured vehicles and afforded medical payments. Therefore, the question we must resolve is whether the policy provision requiring commencement of both aspects of plaintiff's claim within two years after the occurrence can be validly applied to a minor.

The supreme court's resolution of the issue in *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 434 N.E.2d 290, controls the uninsured-motorist coverage aspects of the plaintiff's claim. Therein, the court concluded that the rights of a child with a meritorious cause of action are entitled to special protection and are not to be precluded from enforcement unless clearly barred by statute or constitution. The policy's time limitation, which is against public policy when applied to a minor, may not be applied so as to deprive an insured minor of statutorily mandated uninsured-motorist coverage.

■ We previously considered the priority of those public policy considerations over the contractual provisions unique to uninsured-motorist coverage. (*Kerouac v. Kerouac* (1981), 99 Ill. App. 3d 254, 425 N.E.2d 543.) However, additional premiums were paid for the contractually defined medical payment coverage in the instant case. Therefore, the insurer cannot raise the tortfeasor's personal statute of limitations

defense on its own behalf. (*Murphy v. United States Fidelity & Guaranty Co.* (1983), 120 Ill. App. 3d 282, 458 N.E.2d 54.) Further, the Code of Civil Procedure provides that a plaintiff who is a minor when his cause of action for personal injury accrues may bring the action within two years of attaining the age of majority. Ill. Rev. Stat. 1983, ch. 110, par. 13—211.

■ We view the application of the two-year limitation within the medical-payment provision to a minor's cause of action as an attempt to whittle away and unlawfully limit a minor's rights as an insured. The plaintiff was injured by an uninsured motorist when he was 16 years of age. He was covered by the policies' uninsured-motorist and medical-payment provisions. Neither aspect of his claim was time barred, as his suit was filed within two years of attaining the age of majority. Having reached that conclusion, we need not consider the effect of the nonsuit.

■ The plaintiff next argues the ambiguity of the policy as applied to an uninsured versus an underinsured motorist. The defendant contends that the plaintiff waived consideration of the policy's ambiguity; that both the uninsured and the underinsured provisions are unambiguous; and that McDonald had no underinsured coverage.

We note that the policy declarations failed to allocate premiums for the underinsured coverage which was subsumed within the uninsured vehicles provision. Clearly, the plaintiff was injured by an uninsured motorist, as defined in the policy. Therefore, we need not address the issues raised pertaining to underinsured coverage.

The plaintiff next argues the court erred in limiting his recovery to the $10,000 statutory limits rather than allowing him to recover the policy limits. We recognize that four of the policies provided the minimum amount of uninsured-motorist coverage required by the Financial Responsibility Law and that the fifth policy provided five times the required coverage.

Clearly, the legislature only mandated minimum limits for uninsured-motorist coverage. Motorists may purchase coverage in excess of the minimum limits. *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.

As stated in the policy, the liability limits for the plaintiff's uninsured-vehicle coverage as defined in the policy declarations, instead of the statutory minimum, control the recovery by the insured.

■ The remaining question to be addressed is the plaintiff's allegation that the other insurance proportionality clauses require that the defendant stack at least one policy's limits with the highest uninsured policy limits and stack at least two of the medical payment limits. The defendant responds that the plaintiff already conceded that the unin-

sured coverage cannot be stacked; waived consideration of stacking medical payments since the trial court failed to address the issue; and is prohibited from stacking by the general policy provisions.

The uninsured-motorist provision stated:

> "With respect to bodily injury to an Insured while occupying a vehicle not owned by a Named Insured, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable Limit of Liability of this Section exceeds the sum of the applicable limits of liability of all such other insurance. With respect to bodily injury to an Insured while occupying or through being struck by an Uninsured Vehicle or Underinsured Vehicle, if such Insured is a Named Insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable, under this Section for a greater proportion of the applicable Limit of Liability of this Section than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance. Subject to the foregoing paragraphs, if the Insured has other similar insurance available to him against a loss covered by this Section, the Company shall not be liable under this section for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

We choose to address this issue despite the parties' interpretation of the case law and the trial court's failure to rule on this issue. This "excess-escape" clause only obligates the insurer to pay to the extent the insurer's own limit exceeds the limit available from other insurance. (*Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.) The apparent purpose of other insurance is to prevent one company from paying disproportionately on a loss shared with another company. When proration is applied to other insurance issued by one company to the same insured, the ambiguous provision should be construed in favor of the insured, who is entitled to recover up to the stacked policy limits, not in excess of the total damages sustained. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.) In effect, this other insurance provision is inapplicable to an insured who has multiple policies issued by the same insurer. *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 389 N.E.2d 1150.

■ Our examination of the policy reveals that the uninsured/other-insurance provision is ambiguous as to the plaintiff, who was insured pursuant to McDonald's multiple policies. However, General Condition No. 7, which limits the defendant's liability to the highest limit of any one policy, clarifies the ambiguity. This very same provision was interpreted by our supreme court as preventing the stacking of policies. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.) Thus, while plaintiff is not entitled to stack the policies, he is entitled to the $50,000.00 policy declaration in policy No. A12A1245401.

■ The medical-payment provision provided:

"In the event other valid and collectible Vehicle Medical Payments other than Death Benefit is payable because of such injury, then the benefit provided under this Section shall be applicable only to any excess of expense not covered by such other insurance. The insurance with respect to a Temporary Substitute Vehicle or Non-Owned Vehicle shall be excess insurance over any other collectible Vehicle Medical Payments Insurance. In the event the Insured has other valid and collectible insurance in the Company under Coverages C (Medical Payments) or C-1 (Death Benefit), the liability of the Company shall be limited to that provided under one policy issued by it which affords the highest limits regardless of the number of vehicles insured in this Company."

This clause is unambiguous. It is to be applied as written. This provision combined with General Condition No. 7 clearly limits the defendant's liability to the highest limit of any one policy. The insured agreed to the limitation. Absent overreaching or exorbitant premiums, public policy does not require invalidation of a clearly written provision simply to avoid disappointing the insured. Therefore, the insured can recover under any one, but only one, of the policies. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539.

Pursuant to the medical-payment provision, the plaintiff is entitled to recover $5,000, the limit of one policy.

Accordingly, the order of the circuit court is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded for further proceedings.

HEIPLE, P.J., and BARRY, J., concur.