RICHARD J. SCHUTT, Plaintiff-Appellant, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

Second District No. 84—177

Opinion filed May 14, 1985.

Rance V. Buehler, of Faber & Buehler, of Elgin, for appellant.

Michael K. Noonan, of Sullivan, Smith, Hauser & Noonan, of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Richard J. Schutt, appeals from the trial court's denial of his motion to enter a judgment on an award obtained by arbitration against defendant, Allstate Insurance Co. (Allstate), on an uninsured motorist claim. Plaintiff raises three issues on appeal: (1) whether the liability setoff provision contained in the Allstate uninsured motorist protection clause is invalid; (2) whether that liability setoff provision is unenforceable as applied in this case; and (3) whether Allstate waived its right to claim a setoff from the arbitration award where no claim to a setoff was made before or during arbitration.

The events leading to the present litigation began in 1975 when an automobile collision involving the vehicles of Cynthia Long and Tony Munos occurred. Plaintiff had fallen from a water tower and was being taken to the hospital in the automobile owned and operated by Long. He filed suit for personal injuries arising from the collision against Long and Munos. A jury trial as to Long was conducted simultaneously with a bench trial as to Munos. The jury returned a $2,500 verdict against Long, and the trial court entered judgment for $2,500 against Long and $25,000 against Munos. The judgment against Long was affirmed on appeal in *Schutt v. Long* (1980), 80 Ill. App. 3d 1206 (Rule 23 order), and satisfied by her insurer, Allstate.

As Munos was uninsured, plaintiff filed a complaint for declaratory judgment against Great Central Insurance Co. (Great Central) and Allstate seeking to recover under the uninsured motorist provisions of his father's automobile liability insurance policy and Long's automobile liability insurance policy, respectively. Plaintiff and Allstate subsequently agreed to submit the plaintiff's uninsured motorist claim to the American Arbitration Association pursuant to the provisions of Long's insurance policy with Allstate "for further proceedings under the terms and conditions" of the policy, and agreed to a voluntary dismissal of plaintiff's declaratory judgment action against Allstate. The dispute between plaintiff and Great Central was settled pursuant to a covenant not to sue, and the cause between those parties was dismissed with prejudice.

The parties submitted written issues to the arbitrators asking

them to decide what personal injuries sustained by plaintiff were proximately caused by the automobile accident, whether plaintiff was entitled to an award for medical bills, lost wages, pain and suffering, disability, and disfigurement, and if so, the size of the award. Nothing was submitted to the arbitrators disclosing prior payment of $2,500 received by plaintiff from Allstate arising from the automobile accident or the existence of a setoff provision in the Allstate policy which would allow Allstate to reduce an uninsured motorist award by payment previously made under the bodily injury liability coverage of the same policy. The arbitrators found that the automobile accident aggravated a pre-existing condition, namely the fall from the water tower shortly before the accident in question, and awarded plaintiff $2,500 in full settlement of all claims submitted.

Upon Allstate's refusal to pay the $2,500 under the arbitrators' award, plaintiff then filed a petition for entry of judgment against Allstate, asking the circuit court to enter and enforce the award of arbitration.

In a response to the petition, Allstate stated that plaintiff's rights to any award arose out of the contract of insurance covering the vehicle in which plaintiff was a passenger. Pursuant to the contract, any uninsured motorist award will be reduced by "all sums paid on account of such bodily injury or on behalf of *** (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury, including all sums paid under the bodily injury liability coverage of the policy ***." Allstate paid $2,644.40 to plaintiff as a result of the jury finding of Cynthia Long's liability, and claimed that since the amount awarded to plaintiff under the uninsured motorist coverage ($2,500) was less than the amount paid to plaintiff under the bodily injury liability coverage ($2,644.40), the contractual setoff resulted in no further obligation of Allstate to pay any sums to plaintiff. Allstate maintained that the policy provisions were no different than the public policy considerations which allow a setoff from any verdict for those amounts received in prior litigation for similar injuries or received from joint tortfeasors who have settled with a plaintiff.

Plaintiff, in his brief in support of entry of judgment, argued that the setoff provision was invalid because its operation would not leave him in the same position he would be in if Munos had been insured and that Allstate never apprised the arbitrators of the setoff provision.

In a letter to the parties and in its subsequent written order, the trial court found that the language of the contract of insurance be-

tween the parties was clear and unambiguous in that Allstate was entitled to a setoff against the arbitrators' award for sums previously paid under the policy and that the issues raised were controlled by the decisions in *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295, and *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36, and denied plaintiff's petition for entry of judgment against Allstate.

■ Plaintiff first contends that the setoff provision is invalid and unenforceable because its application would emasculate the salutary purpose of the Illinois statute mandating uninsured motorist protection. Section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a) requires that automobile liability insurance policies in this State must provide uninsured motorist coverage. The legislative intention in enacting section 143a was in part to insure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available for persons injured by a motorist insured for the minimum limits under section 7—203 of the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1983, ch. 95½, par. 7—203). (*Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 519, 434 N.E.2d 290; *Ellis v. Sentry Insurance Co.* (1984), 124 Ill. App. 3d 1068, 1071, 465 N.E.2d 565.) Plaintiff argues that application of the setoff provision would put him in a position less favorable than if Munos, the uninsured motorist, had been insured, a result which contravenes the purpose of uninsured motorist coverage. Allstate maintains that the setoff provision does not provide less coverage because even if Munos were insured, the $2,500 judgment against Long would be setoff from any verdict entered against Munos in a subsequent trial.

The limits of liability section of the uninsured motorist coverage in the policy in question provides, in pertinent part:

"[A]ny amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the Bodily Injury Liability Coverage of the policy * * *."

Plaintiff argues that this section of the policy, which allows for a setoff, is invalid because he would receive a smaller award than if Munos had been minimally insured. Plaintiff relies on, and asks this court to

follow, *Taylor v. Great Central Insurance Co.* (1975), 305 Minn. 446, 234 N.W.2d 590. In that case, the plaintiff was a passenger in an automobile that was involved in a three-car collision. She recovered sums from the insurers of two of the three defendants. As the third defendant was uninsured, plaintiff sought to recover under the uninsured motorist provision in the insurance policy of one of the other defendants. That provision had a setoff clause, which the Minnesota Supreme Court held to be unenforceable because it would "limit [plaintiff's] recovery to less than she would have received had the tortfeasor actually been insured, in which event she would not have been required to deduct from that coverage amounts paid by her own liability insurer or paid by other tortfeasors." 305 Minn. 446, 449, 234 N.W.2d 590, 591-92.

While the rationale of *Taylor* comports with the Illinois policy of protecting persons injured by uninsured motorists at least to the same extent as if the tortfeasor had the statutorily minimum amount of insurance (see *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 519, 434 N.E.2d 290), the result here is not controlled by *Taylor* because we believe that the protection afforded by uninsured motorist insurance is not diminished by the setoff clause.

Under well-established principles, amounts paid by one or more of the joint tortfeasors are to be applied in reduction of the damages recoverable from those remaining in the suit. (*Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 209, 412 N.E.2d 518.) Payments made by one of the tortfeasors on account of the tort either before or after judgment diminish the claim of an injured person against all others responsible for the same harm. (*Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 209, 412 N.E.2d 518, citing to Restatement (Second) of Torts sec. 885, comment e (1979).) Without such a reduction, plaintiff may improperly receive damages in excess of injuries sustained. (See *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 337-38, 312 N.E.2d 247.) The purpose of compensatory tort damages is to compensate; it is not the purpose of such damages to punish defendants or bestow a windfall upon plaintiffs. (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 363, 392 N.E. 2d 1.) Double recovery for the same injury is a result to be condemned. See *Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 209, 412 N.E.2d 518.

We conclude from this summary of the law that the setoff clause only acts to prevent double recovery in accordance with principles of Illinois law on damages and does not prejudice a plaintiff who has sustained injuries as a result of the negligence of an uninsured motorist.

■ Plaintiff argues, alternatively, that the setoff clause is unenforceable as applied in this particular proceeding because if Munos had been insured, plaintiff would have been able to recover the $25,000 judgment. Instead, plaintiff received only a $2,500 award from arbitration which he has not realized because of the application of the setoff clause.

We note initially that if Munos had been insured, his insurer would have represented him at the bench trial so that there may not have been a $25,000 damage award. Although we do not have before us the record in that trial, and plaintiff states that the judgment against Munos was not a default judgment, Allstate represents that Munos did not appear, file responsive pleadings or in any way contest plaintiff's allegations and proofs. Furthermore, plaintiff agreed to dismiss his declaratory judgment action against Allstate and submit his claim to arbitration, so he cannot now complain that he has been denied the benefit of the $25,000 judgment.

Moreover, we believe that if Munos had been insured, or able to satisfy the judgment out of personal assets, the judgment against him would have been reduced by the $2,500 paid to plaintiff by Allstate as Long's insurer. Thus, the same result obtains, and plaintiff is not prejudiced by the setoff clause in the uninsured motorist coverage. The same analysis and conclusion led to the holdings in *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36, and *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295, relied on by the trial court, that upheld the deduction of worker's compensation benefits received from the recovery under the uninsured motorist coverage.

The arbitrators, without knowing whether plaintiff could recover from any other sources, awarded plaintiff $2,500 in full settlement of all claims submitted. Since plaintiff has already received this sum, the application of the setoff clause did not deprive him of any damages and fairly awarded him only that to which he is entitled.

■ Plaintiff lastly argues that Allstate failed to inform the arbitrators of the prior payment it made as Long's insurer to plaintiff and of the setoff clause and thus should have been barred from seeking to enforce that clause in the proceeding for entry of judgment in the circuit court.

In determining whether Allstate was required to assert the setoff at arbitration, we note first that the arbitration agreement between the parties controls which issues are subject to arbitration. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 93, 242 N.E.2d 149; *Vasilakis v. Safeway Insurance Co.* (1977), 46 Ill. App. 3d 369,

373, 361 N.E.2d 1.) The uninsured motorist coverage in the Allstate policy in question provides, in pertinent part:

"[D]etermination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and Allstate or, if they fail to agree may be made by arbitration.

\* \* \*

Arbitration. If any person making claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage."

This arbitration provision is nearly identical to the one discussed in *Fisher v. State Farm Mutual Automobile Insurance Co.* (1966), 243 Cal. App. 2d 749, 52 Cal. Rptr. 721. The court in that case stated:

"Having agreed to submit to arbitration not only the amount of liability of the uninsured motorist but also 'the amount payable hereunder,' State Farm should have submitted all matters pertaining to the 'amount payable' to the arbitrators. Having failed to do so, it cannot subvert the purposes of the arbitration procedure by asking the superior court to do it later." (243 Cal. App. 2d 749, 752, 52 Cal. Rptr. 721, 723.)

The court in *Fisher* further stated that "proper respect for the arbitration procedure compels us to hold that State Farm cannot have the superior court do for it what it should have asked the arbitrators to do." (243 Cal. App. 2d 749, 753, 52 Cal. Rptr. 721, 723.) Thus, the court confirmed the arbitrators' award, and refused to permit the insurer from seeking modification of the award in court.

The Illinois Appellate Court in *Cole v. Inland National Insurance Co.* (1971), 133 Ill. App. 2d 745, 273 N.E.2d 65, expressly approved of the holding in *Fisher* by stating:

"The *L'Manian, Northwestern* and *Fisher* cases are consistent in at least two respects first, they conclude that the insur-

ance policy provisions are appropriately designed to avoid double payment of the same expenses and second, that the arbitration proceeding is the appropriate forum for determining the issue. Furthermore as stated in *Fisher*, if the insurer fails to make and support his contention before the arbitrator the award may not therefore be questioned for such reason. We believe that this is an appropriate procedure in accord with the provisions of the insurance policy and provides an ample means for the insurer to avoid double payment." (133 Ill. App. 2d 745, 748, 273 N.E.2d 65.)

In *Cole*, the plaintiff, who was a passenger in the insured's vehicle which collided with an automobile driven by an uninsured motorist, was paid medical expenses of $1,073 by the insured's carrier. The uninsured motorist claim was later submitted to arbitration under the policy and the award was $3,000. The carrier refused to pay the $3,000 tendering $1,927, the amount of the award less the amount previously paid to the plaintiff for medical expenses under the medical payments coverage of the policy. The appellate court affirmed relying on the rule in *Fisher*. One other Illinois decision has suggested, in *dictum*, that the insurer should request, in arbitration, a reduction of any damages which duplicate amounts already received. See *Feerer v. North River Insurance Co.* (1981), 102 Ill. App. 3d 1042, 1048, 430 N.E.2d 36; see also *Silas v. Allstate Insurance Co.* (1974), 129 N.J. Super. 99, 322 A.2d 464.

Allstate argues that *Cole* is limited to the facts of that case because the decision does not disclose the provision of the policy which authorizes the arbitrators to apply the setoff to their findings. Allstate further maintains that the pertinent language of the policy here, as quoted earlier above, granted the arbitrators only the authority to determine whether the insured is legally entitled to recover damages, and if so, the amount thereof, and does not expressly grant to the arbitrators the authority to determine whether a setoff is appropriate. Allstate also contends that "to bring to the arbitrators' attention, before a decision has been made as to liability and damages, that a prior fact finder has found against one of the parties and placed a value of a specific amount on the injuries infuses unwarranted and unnecessary prejudice into the proceedings."

While parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate, and arbitration agreements will not be extended by construction or implication (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 94, 242 N.E.2d 149), the arbitration agreement must be given as broad an interpreta-

tion as its language will allow (*Konicki v. Oak Brook Racquet Club, Inc.* (1982), 110 Ill. App. 3d 217, 224, 441 N.E.2d 1333), and arbitration is favored by the State, Federal and common law. *First Condominium Development Co. v. Apex Construction & Engineering Corp.* (1984), 126 Ill. App. 3d 843, 846, 467 N.E.2d 932.

■ The broad arbitration provision here is almost identical to that in *Fisher v. State Farm Mutual Insurance Co.* (1966), 243 Cal. App. 2d 749, 52 Cal. Rptr. 721, where the court found the insurer should have submitted its setoff claim in the arbitration proceeding. The arbitration clause in the policy in the case at hand provides that "[i]f any person making claim hereunder and Allstate do not agree *** as to the amount of payment which may be owing under this coverage, the matter or matters upon which *** [they] do not agree shall be settled by arbitration ***. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage." Having agreed to submit to arbitration the "amount of payment which may be owing under this coverage," Allstate should have submitted to the arbitrators all matters, which include any setoff issue, pertaining to the amount payable. While the precise language of the arbitration provision in *Cole* is not discussed in that opinion, the court's approval of the *Fisher* rationale leads us to conclude that there is no material difference in the arbitration clause in *Cole* from that in *Fisher*, as otherwise, the court would have so indicated.

Thus, adhering to the holdings in *Fisher* and *Cole*, we conclude that Allstate, having failed to submit any issue of setoff to the arbitrators, cannot now subvert the arbitration procedure by asking the circuit court to determine that issue later. Although Allstate argues the arbitrators might be prejudiced in their decision when informed of the prior finding of the jury of liability and damages, even assuming there is some validity to this argument, the fact remains that the insurance policy provides for disputes pertaining to the amount payable to be decided by arbitration.

For the foregoing reasons, the judgment below is reversed, and the cause remanded with directions to the trial court to enter judgment for plaintiff against Allstate for $2,500, the amount awarded by the arbitrators.

Reversed and remanded with directions.

NASH, P.J., and UNVERZAGT, J., concur.