ANTHONY J. SCUDELLA, Plaintiff-Appellant, v. ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 87—2934

Opinion filed August 9, 1988.—Rehearing denied October 4, 1988.

Ambrose & Cushing, P.C., of Chicago (John C. Ambrose, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Katherine S. Dedrick, and Gerald Haberkorn, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals the dismissal of his declaratory judgment action in an automobile insurance case. He raises as issues for our review whether: (1) workers' compensation benefits and uninsured motorist payments may be set off against payments due under personal injury income continuation coverage; (2) underinsurance should have been offered and added to plaintiff's coverage; and (3) his vexatious and unreasonable delay count was properly dismissed.

On September 17, 1980, plaintiff, a refuse collector, was struck while walking across a street by a motorcycle and was permanently injured. He filed an action against the uninsured cyclist and was awarded $250,000 in a default judgment.

Plaintiff owned two assertedly identical automobile insurance policies issued by defendant, one for a 1975 Pontiac and the other for a 1975 Dodge Truck.

Plaintiff's basic "Personal Injury Protection" (PIP) policy covered reasonable and necessary medical expenses for medical services ren-

dered within one year of an accident, with a limit of $2,000 per person. It also contained income continuation provisions, replacing 85% of income lost within one year of an accident, resulting from total disability, with a payment limit of $150 per week per injured person. Basic PIP requirements also prohibited duplicate recovery based on multiple policies and limited total benefits from any one accident to the total basic PIP benefits under the policy.

Excess PIP covered all reasonable and necessary medical expenses, as well as parallel income replacement provisions for 260 weeks, starting one year after the date of the accident. Both basic and excess PIP contained similar limits of liability clauses:

> "Any amount payable to or for the benefit of an injured person under this insurance shall be reduced by:
>
> (1) any amount paid or payable to such injured person under the workmen's compensation laws of any state or the Federal Government;
>
> (2) any amount paid or payable to such injured person under Part I of the policy or under Uninsured Motorists Coverage which would result in a duplication of payment or reimbursement for any loss covered under this insurance."

Another provision of the insurance policy prohibited the "stacking" of defendant's policies.

Plaintiff received the following payments from defendant under the policy: (1) $15,000 for uninsured motorist benefits; (2) $7,800 as income continuation under basic PIP; and (3) $16,500 in income continuation under excess PIP.

As a result of the accident, plaintiff was awarded $83,500 in workers' compensation payments for $158^2/_7$ weeks of disability from his employer's compensation carrier. Defendant ceased making payments to plaintiff because of the offset provision in his policy, quoted in "(1)" above.

Plaintiff filed actions against defendant for declaratory judgment, and on March 17, 1987, he filed his second amended complaint in five counts. In count I, he asserted that he received only $24,300 under basic and excess PIP, but should have received a total of $46,800, representing 312 weeks of compensation at $150 per week. Plaintiff urged that the limits on coverage relating to workers' compensation payments and uninsured motorist payments should be declared void and unenforceable because they were ambiguous and made PIP coverage illusory. In count II, he requested a $5,000 penalty and attorney fees under section 155 of the Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 767) for defendant's unreasonable delay in making additional PIP

payments. In the third count, plaintiff asked for relief in excess of $15,000 plus costs for defendant's failure to offer him underinsurance coverage as mandated by statute (Ill. Rev. Stat., 1979 Supp., ch. 73, par. 755a—1 (repealed effective September 3, 1980, and replaced by Ill. Rev. Stat. 1981, ch. 73, par. 755a—2(4))), which would have allowed him additional recovery. In count IV, he requested $15,000 in uninsured motorist coverage under his second policy and, in count V, he sought payment of $5,000 as a penalty, plus attorney fees and costs, for defendant's unreasonable delay in paying the additional $15,000. Ill. Rev. Stat. 1979, ch. 73, par. 767.

On April 10, 1987, defendant moved to dismiss counts I and IV under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), asserting that the workers' compensation benefits plaintiff received precluded any additional payments under the policy and the antistacking provision barred the second $15,000 payment sought. Defendant further contended plaintiff actually had been overpaid. In a separate motion, defendant moved under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) to dismiss counts II, III and V on the grounds that the allegations of vexatious delay under counts II and V lacked a factual basis and the cyclist who injured plaintiff was uninsured not underinsured; therefore, count III failed to state a cause of action.

On June 29, 1987, the circuit court dismissed counts I, II, III and V with prejudice but denied dismissal of count IV. Defendant moved to reconsider count IV and, in an order entered August 20, 1987, count IV was dismissed with prejudice as well. Plaintiff appeals.

I

Plaintiff first alleges that defendant should not be allowed to reduce its PIP payments by the workers' compensation award and the uninsured motorist benefits, despite the wording of the insurance policies, because the workers' compensation carrier has no right of subrogation against the insurance company, since subrogation is statutory under the compensation act and limited to a right against a tortfeasor. Plaintiff asserts that the PIP benefits are otherwise illusory, since defendant failed to mention such an exclusion in the title of the coverage. Additionally, plaintiff contends that the $15,000 paid him as uninsured motorist benefits should not reduce his PIP payments since no duplication is involved, as the loss from his injuries exceeds any amount that would be due him.

■ Clear and unambiguous insurance policy provisions will be applied as written and policy language will be given its plain and ordi-

nary meaning (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4-5, 429 N.E.2d 1203; *Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 391, 517 N.E.2d 1187; *Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 591, 515 N.E.2d 1299), unless it contravenes public policy (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539; *Becker v. Country Mutual Insurance Co.* (1987), 158 Ill. App. 3d 63, 68, 510 N.E.2d 1316, *appeal denied* (1987), 116 Ill. 2d 548). Setoff provisions requiring that uninsured motorist payments be reduced by the amount of workers' compensation awarded a claimant have been upheld by our supreme court when challenged on public policy grounds. *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 512-13, 386 N.E.2d 36; *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 7-8, 269 N.E.2d 295.

■ The uninsured motorist statute (Ill. Rev. Stat. 1979, ch. 73, par. 755a) is intended to place a claimant in the same position as if the tortfeasor causing the injuries had been insured. Since the compensation carrier would then have the right to reimbursement, a setoff provision for workers' compensation payments against unemployed motorist proceeds does not treat that claimant unfairly. In neither case is the employee compensated for identical damages from both his employer and the tortfeasor. (*Stryker*, 74 Ill. 2d at 512; *Ullman*, 48 Ill. 2d at 7.) More specifically, a provision reducing payment under an automobile insurance policy by the value of any workers' compensation award was upheld as being clear and unambiguous as applied to uninsured motorist benefits. (*Niekamp v. Allstate Insurance Co.* (1964), 52 Ill. App. 2d 364, 365-67, 202 N.E.2d 126.) At bar, the policy setoff provision is equally clear and unambiguous and must be construed as written.

■ Setting off workers' compensation payments against the PIP payments here also prevents double recovery. The underlying purpose of workers' compensation is to furnish financial protection, including restoring lost wages, for workers whose earning ability is adversely affected by employment-related injuries. (*Board of Education v. Industrial Comm'n* (1972), 53 Ill. 2d 167, 171, 290 N.E.2d 247.) Workers' compensation provides income replacement similar to income continuation under PIP. The award of $83,500 in workers' compensation to plaintiff precludes any additional PIP payments.

■ Plaintiff argues that the basis for setting off uninsurance coverage is purely statutory, based on an employer's right of subrogation against tortfeasors. (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b); see *Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 381, 442 N.E.2d 546.) Our supreme court, however, has asserted that

simply treating an employee similarly, whether the tortfeasor was insured or uninsured, is the vital consideration, not whether an employer has the right to reimbursement from uninsured motorist proceeds by either statute or common law subrogation. (*Stryker*, 74 Ill. 2d at 512.) Even when the workers' compensation carrier waived any subrogation rights to uninsured motorist proceedings, the offset was upheld. (*Stryker*, 74 Ill. 2d at 509, 511-12.) This court is without authority to depart from such ruling.

■ As a second defense to making further PIP payments, defendant invoked the liability limits clause requiring reduction by uninsured motorist payments if duplication of payment or reimbursement would result. Plaintiff insists no such duplication is involved as his alleged losses exceed the total PIP payments and uninsurance benefits thus far paid ($39,300). His complaint, however, failed to specify any monetary value for these losses and did not mention the default judgment, but merely asserted he became permanently disabled and was due an additional $22,500 under PIP coverage. Plaintiff apparently relies on his default judgment for $250,000 to establish the amount of his losses. A determination of an amount of loss by a default judgment without adversary litigation is not necessarily binding upon the uninsured motorist insurance carrier. See *Feerer v. North River Insurance Co.* (1981), 102 Ill. App. 3d 1042, 1046, 430 N.E.2d 36.

■ A setoff of uninsured motorist payments is appropriate if duplication of payment can be shown. (*Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 633-34, 366 N.E.2d 901; see *Feerer v. North River Insurance Co.*, 102 Ill. App. 3d at 1048.) Similarly, our supreme court has held that insurance medical payments may be set off against uninsured motorist benefits to prevent double exposure for such payments. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 338, 312 N.E.2d 247; see *Becker v. Country Mutual Insurance Co.*, 158 Ill. App. 3d at 69-71.

From the foregoing, we are compelled to conclude that, since workers' compensation benefits may be offset, no further PIP payments are due plaintiff from defendant.

## II

Plaintiff next asserts that defendant failed to offer him underinsured motorist coverage as required by statute. (Ill. Rev. Stat., 1979 Supp., ch. 73, par. 755a–1.) Plaintiff insists that: the uninsured cyclist who injured him should be considered underinsured; only after the accident did defendant issue him a policy that defined underinsured; and any ambiguity in the policy should be construed in favor of the insured.

■■ ■ An underinsured motorist is an insured at-fault driver with liability coverage which is insufficient to compensate an injured insured for all damages he was legally entitled to recover. (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 467, 452 N.E.2d 49.) To provide coverage, courts have liberally construed uninsured status (see *Samack v. Travelers Insurance Co.* (1982), 111 Ill. App. 3d 61, 64-66, 443 N.E.2d 765); in the instant case, however, plaintiff was clearly injured by an uninsured motorist as defined by the policy and issues concerning underinsured coverage need not be addressed (*McDonald v. Country Mutual Insurance Co.* (1985), 133 Ill. App. 3d 89, 92, 478 N.E.2d 571). Plaintiff here received his full uninsured motorist benefits, thereby fulfilling the purpose of the insurance contract to indemnify the insured for actual losses sustained. (*Paluszek v. Safeco Insurance Co.* (1987), 164 Ill. App. 3d 511, 516, 517 N.E.2d 565.) A post-accident assertion by an insured that he would have purchased a certain amount of underinsurance if it had been offered has been held to be both ambiguous and speculative. *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1987), 118 Ill. 2d 430, 434, 516 N.E.2d 268.

■■ Plaintiff argues that an underinsured vehicle could be read to fit the policy definition of an uninsured motor vehicle and that this ambiguity must be interpreted in his favor. A court is not authorized, however, to approve the distortion of language or the exercise of inventive powers in order to create an ambiguity so as to support a litigant's theory of recovery. *Crosse v. Supreme Lodge Knights & Ladies of Honor* (1912), 254 Ill. 80, 86, 98 N.E. 261.

### III

Plaintiff claims error in the circuit court's dismissal of count II of his complaint seeking damages for unreasonable delay in making the additional PIP payments requested in count I. Plaintiff contends, without citation to authority, that count II became moot when the circuit court dismissed count I and thus no ruling should have been rendered on count II.

■■ Section 155 of the Insurance Code provides that a penalty, reasonable attorney fees and other costs can be imposed against a company for "vexatious and unreasonable" action or delay. (Ill. Rev. Stat. 1979, ch. 73, par. 767.) Plaintiff requested such a penalty in count II of his complaint, but made no factual allegations other than claiming defendant "unreasonably delayed and refused to pay" the additional PIP benefits. Such conclusions, without some modicum of factual support, are insufficient to state a cause of action. (*Tobolt v. Allstate In-*

*surance Co.* (1979), 75 Ill. App. 3d 57, 71-72, 393 N.E.2d 1171.) Furthermore, assertions of legitimate policy defenses and denials based on a policy's express wording are inappropriate for invoking this clause. (*Cummings Foods, Inc. v. Great Central Insurance Co.* (1982), 108 Ill. App. 3d 250, 259, 439 N.E.2d 37; *Jenkins v. State Security Insurance Co.* (1978), 56 Ill. App. 3d 737, 746, 371 N.E.2d 1203; see *Hoel v. Crum & Forster Insurance Co.*, 51 Ill. App. 3d at 632.) Finally, plaintiff's failure to cite authority in support of his argument requires that his theory be deemed waived in any event. *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242, 242 N.E.2d 237.

Accordingly, the circuit court properly dismissed count II of the complaint.

For the foregoing reasons, the judgment of the circuit court must be affirmed.

Affirmed.

BILANDIC and SCARIANO, JJ., concur.