ALAN LAATZ, Plaintiff-Appellant, v. INTERGOVERNMENTAL RISK MANAGEMENT AGENCY, Defendant-Appellee.

Second District    No. 2—01—1159

Opinion filed February 4, 2003.—Rehearing denied March 11, 2003.

John W. Turner, of Law Offices of John W. Turner, of Chicago, for appellant.

John F. O'Reilly, of O'Reilly Law Offices, of Wheaton, for appellee.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Alan Laatz, appeals from the circuit court's denial of his application to vacate an arbitration award rejecting his claim for uninsured motorist benefits against defendant, Intergovernmental Risk Management Agency. Plaintiff argues that the court erred by dismissing his application because the arbitration award was achieved through "undue means" contrary to section 12(a)(1) of the Uniform Arbitration Act (the Arbitration Act) (710 ILCS 5/12(a)(1) (West 2000)). More specifically, he argues that the arbitrator improperly

considered the status of his worker's compensation case in making the arbitration award. We affirm.

In accordance with defendant's coverage agreement, plaintiff's claim for uninsured motorist benefits against defendant was submitted to arbitration with the American Arbitration Association (AAA). On May 22, 2001, the arbitrator issued her award. The arbitrator found that plaintiff's comparative negligence in a March 10, 1997, auto collision was greater than 50% and denied plaintiff's uninsured motorist claim.

On August 17, 2001, plaintiff filed with the circuit court an "Application to Vacate an Arbitration Award in an Uninsured Motorist Claim." Defendant moved to dismiss plaintiff's application, contending that the application failed to state a cause of action under section 12(a)(1) of the Arbitration Act. On September 19, 2001, the court granted defendant's motion with prejudice. Plaintiff timely appeals.

Plaintiff contends that, as demonstrated by the following colloquy, the arbitration award was achieved through undue means contrary to section 12(a)(1) of the Arbitration Act.

"MS. KELLY [the arbitrator]: *** This is the end of this arbitration. I have 30 days in which to get the opinion in. Gentlemen, you're going to give me some sleepless nights. This is not an easy case. In fact, it's the most difficult arbitration I've had through [AAA], although I've been on some other panels where there were these kind of severe injuries.

You know, I've got a situation where we're not quibbling over 20- to 30-percent comparative here, but we're quibbling over whether or not if there's a verdict for or against. I don't see where I have much of a choice, except for those two choices.

Just one question: Is the [worker's compensation] case still open? MR. O'REILLY [defense attorney]: Yes.
***

MR. TURNER [plaintiff's attorney]: Counsel answered you in a very swift manner. Why is the comp case still open, counsel?

MR. O'REILLY: There's no PB in it. There's no lump.

MS. KELLY: No, there was no—well—

MR. TURNER: That doesn't mean it's still open though.

MR. O'REILLY: I mean it's not closed."

According to plaintiff, by questioning the parties about the status of the worker's compensation case, the arbitrator clearly indicated that she wanted to know if there was another source available to compensate plaintiff for his injuries if she found his comparative negligence to be 50% or greater. Plaintiff asserts that the status of the worker's compensation case had no legitimate connection to the negligence determination and that the arbitrator should not have been influenced by facts not germane to her determination.

■ Our review of an arbitration award is extremely limited. *Chicago Fire Fighters Union Local No. 2 v. City of Chicago*, 323 Ill. App. 3d 168, 174 (2001). Section 12(a)(1) of the Arbitration Act enumerates various grounds on which an arbitration award may be vacated by the court. That section provides that an arbitration award can be vacated where the award "was procured by corruption, fraud[,] or other undue means." 710 ILCS 5/12(a)(1) (West 2000). The party challenging the arbitration award carries the burden of proving that the award is contrary to section 12(a)(1), and the court will grant "[e]very reasonable presumption *** in favor of the finality and validity of the award." *Fredman Bros. Furniture Co. v. Retail Store Employees Union, Local 575*, 70 Ill. App. 3d 518, 521 (1979).

■ The phrase "undue means" in section 12(a)(1) of the Arbitration Act "has been interpreted as akin to fraud and corruption; it refers to some aspect of the arbitrator's decision or decision-making process which was obtained in an unfair manner and beyond the normal processes contemplated by the act." *Hahn v. A.G. Becker Paribas, Inc.*, 164 Ill. App. 3d 660, 667 (1987). Defendant argues that the arbitrator's inquiry concerning the status of the worker's compensation case was not prejudicial or partial because defendant had already provided the arbitrator with the amount of worker's compensation payments that had been paid to plaintiff so that it would receive a setoff against any potential arbitration award. Moreover, defendant maintains that the arbitrator's question was proper because any arbitration award to plaintiff would be reduced by the total amount of worker's compensation payments plaintiff had received, including any received after the hearing was conducted. We agree with defendant's contention.

■ A plaintiff's damages will be reduced to prevent duplicate payments for the same injury. *Greenawalt v. State Farm Insurance Co.*, 210 Ill. App. 3d 543, 547 (1991), *aff'd sub nom. Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272 (1992). If an insurance company seeks a damages reduction for any prior compensation paid to a plaintiff, it must submit the issue to the arbitrator or its setoff claim may be forfeited. *Schutt v. Allstate Insurance Co.*, 135 Ill. App. 3d 136, 144 (1985). In *Schutt*, the insurance company defendant argued, like plaintiff here, that informing an arbitrator of a setoff claim before the arbitrator made his or her damages determination "infuse[d] unwarranted and unnecessary prejudice into the proceedings." *Schutt*, 135 Ill. App. 3d at 143. The *Schutt* court concluded that, because the defendant's insurance policy provided for all disputes regarding the amount payable to be determined by arbitration, the possibility of some prejudice resulting from the arbitrator's knowledge

of a setoff claim was unavoidable. *Schutt*, 135 Ill. App. 3d at 144. Here, as in *Schutt*, defendant's coverage agreement required that an arbitrator resolve the amount of payment due plaintiff for uninsured motorist benefits. For this reason, defendant's setoff claim was also at issue during the arbitration.

■ Therefore, we conclude that the arbitrator's inquiry was not improper because the arbitrator was aware of the information from defendant's request for a setoff. The inquiry certainly did not rise to the level of fraudulent or corrupt conduct prohibited by section 12(a)(1) of the Arbitration Act. Accordingly, we agree with the circuit court that plaintiff's application failed to state a cause of action under section 12(a)(1) of the Arbitration Act.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.