NO. 4-05-0594

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

PEKIN INSURANCE COMPANY, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v. ) Livingston County

ANTHONY J. HIERA, ) No. 04MR165

Defendant-Appellee. )

) Honorable

) Harold J. Frobish,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Pekin Insurance Company, sought a declaratory judgment of its rights and obligations as to defendant, Anthony J. Hiera, who is seeking uninsured-motorist (UM) coverage under a policy issued by plaintiff for injuries he allegedly received in an automobile accident.  Defendant moved to compel immediate arbitration and plaintiff objected.  The trial court granted defendant's motion and plaintiff appeals.  We affirm.

I. BACKGROUND

On October 4, 2002, defendant was injured in a motor vehicle collision caused by a UM.  The collision occurred while defendant was operating his vehicle in the course and scope of his employment.  At the time of the accident, defendant and his vehicle were insured by plaintiff, which provided UM coverage in the amount of $1 million.  Defendant filed a claim with plaintiff under the UM coverage of its policy.  Defendant also filed a claim for workers' compensation benefits, which was still pending at the time of the trial court's decision in this case.

After defendant made a demand upon plaintiff for arbitration of his UM claims, plaintiff sought a declaratory judgment from the trial court stating that it was not liable under its policy of insurance for any elements of defendant's loss for which he has been or will be compensated in workers' compensation benefits.  Plaintiff also sought a stay of UM arbitration until defendant's proceedings before the Illinois Workers' Compensation Commission have been resolved.  Defendant moved to compel immediate arbitration of his UM claim.  The court found that plaintiff is entitled to a setoff for any element of defendant's loss that has been paid for and which is payable by workers' compensation benefits.  The court then granted defendant's motion to proceed with arbitration within a reasonable period of time.  Plaintiff appeals the order denying its motion to stay the UM arbitration.

II. ANALYSIS

A. Standard of Review

Initially, the parties disagree as to the proper standard of review.  An order granting a motion to compel arbitration is considered an order granting injunctive relief and, when appealed, is treated as an interlocutory appeal governed by Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)).  
Menard County Housing Authority v. Johnco Construction, Inc.
, 341 Ill. App. 3d 460, 463, 793 N.E.2d 221, 224 (2003).  

Defendant argues that an abuse-of-discretion standard is appropriate in reviewing a motion to compel arbitration, citing 
Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC
, 319 Ill. App. 3d 1089, 1094, 746 N.E.2d 294, 298-99 (2001), 
and 
Bishop v. We Care Hair Development Corp.
, 316 Ill. App. 3d 1182, 1189, 738 N.E.2d 610, 616 (2000).  Generally, the standard of review for an interlocutory appeal is whether the trial court abused its discretion.  See 
Schroeder
, 319 Ill. App. 3d at 1094, 746 N.E.2d at 298-99; 
Menard County Housing Authority
, 341 Ill. App. 3d at 463, 793 N.E.2d at 224.  Plaintiff, citing 
Cohen v. Blockbuster Entertainment, Inc.
, 351 Ill. App. 3d 772, 776-77, 814 N.E.2d 933, 936-37 (2004), argues that a 
de
 
novo
 standard of review is more appropriate in this case as the trial conducted no evidentiary hearing and the facts relevant to arbitrability are undisputed.  

In both 
Schroeder
 and 
Bishop
, the trial courts looked at the actions of the parties to determine whether the parties waived their contractual rights to arbitration.  
Schroeder
, 319 Ill. App. 3d at 1095-99, 746 N.E.2d at 299-302; 
Bishop
, 316 Ill. App. 3d at 1191-94, 738 N.E.2d at 617-19.  In 
Cohen
, the trial court denied defendant's motion to compel arbitration, finding the arbitration clause was invalid because it provided an illusory remedy.  
Cohen
, 351 Ill. App. 3d at 776, 814 N.E.2d at 936.  On appeal, the 
Cohen
 court held that the defendant failed to show that the plaintiffs alleged any claims that would implicate the defendant's arbitration agreement; thus the court affirmed the denial of the motion to compel arbitration.  
Cohen
, 351 Ill. App. 3d at 777, 814 N.E.2d at 937.

In this case, both plaintiff and defendant agree that arbitration is appropriate.  The issue is whether arbitration should start immediately or whether arbitration should start after the workers' compensation hearing.  The trial court did not have to hold any evidentiary hearings or review any disputed facts regarding arbitrability.  This case is, therefore, analogous to 
Cohen
.  A 
de
 
novo
 standard of review is appropriate.  (Even if we were to review this case under an abuse-of-discretion standard of review, the result would be the same.)

B. Timing of Arbitration

Plaintiff argues that arbitration with defendant would be premature until the workers' compensation claim is resolved as the amount of the workers' compensation award will determine the amount of the setoff to which plaintiff is entitled.  Temporarily delaying the arbitration, plaintiff contends, will promote the orderly administration of justice and judicial economy because (1) the amount of plaintiff's potential liability is unknown and (2) the resolution of the workers' compensation claim may result in plaintiff not being liable at all if the workers' compensation claim exceeds the UM policy limits.  Finally, plaintiff argues forcing arbitration before determining the amount of the setoff will result in prejudice to plaintiff as it may later be unable to recover the setoff amount if it does not assert the right to that amount during the arbitration.  

Defendant argues the terms of the insurance contract do not provide for a stay of UM arbitration until the workers' compensation claims are resolved.  Further, the contract provides that if plaintiff makes any payment and defendant recovers from another party, defendant must "hold the proceeds in trust" for plaintiff and pay plaintiff back the amount it paid.  Finally, defendant argues arbitration is designed to speed the resolution of disputed issues, and forcing the parties to wait to arbitrate until the workers' compensation claim is determined will frustrate the "speedy" purpose of arbitration.

A primary purpose of an arbitration agreement is to "enable the parties to secure a speedy determination of the differences between them without conforming to the strict formalities necessary in a court of law."  
Wilhelm v. Universal Underwriters Insurance Co.
, 60 Ill. App. 3d 894, 899, 377 N.E.2d 62, 66  (1978).  Staying arbitration will thwart this purpose and delay the payment of defendant's claim, but plaintiff requests that this court ignore the speedy-determination purpose of arbitration for the sake of the orderly administration of justice and judicial economy.  

Plaintiff acknowledges that arbitration is appropriate as long as the workers' compensation award does not exceed the policy's $1 million UM limit.  Arbitration will be necessary, therefore, unless defendant's workers' compensation award meets or exceeds the UM limit.  While the orderly administration of justice and judicial economy may in some circumstances call for stay of certain judicial proceedings, a stay is not appropriate under the facts of this case.  Defendant's right to a speedy determination of his UM claim is more compelling than the possibility of saving the parties from an unnecessary arbitration.

Additionally, plaintiff argues that compelling arbitration immediately may prevent plaintiff from later recovering a setoff in the amount of the workers' compensation award.  Plaintiff argues insurers are not permitted to question arbitration awards after the arbitration on the issue of a setoff.  See 
Cole v. Inland National Insurance Co.
, 133 Ill. App. 2d 745, 748, 273 N.E.2d 65, 68 (1971) (insurer was not entitled to a setoff for the medical payment it made to the insured prior to arbitration as insurer failed to make a claim in arbitration for a setoff); 
Zimmerman v. Illinois Farmers Insurance Co.
, 317 Ill. App. 3d 360, 368, 739 N.E.2d 990, 996 (2000) (insurer was not entitled to reduce an arbitration award by the amount an underinsured motorist paid to the insured because the arbitrator's award was clear on its face and did not mention a setoff)
.  

In 
Cole
 and 
Zimmerman
, the arbitration award did not mention a setoff amount even though the specific setoff amounts were known prior to arbitration.  The courts concluded that either the arbitration award already accounted for the setoff amount or the insurer failed to claim the setoff amount in arbitration and waived its right to the setoff.  
Cole
, 133 Ill. App. 2d at 748, 273 N.E.2d at 68; 
Zimmerman
, 317 Ill. App. 3d at 368, 739 N.E.2d at 996.  This case is different from 
Cole
 and 
Zimmerman
 because a setoff amount is not known prior to arbitration, so the arbitrators' award will clearly not account for a specific setoff amount.  Further, plaintiff cannot waive its right to the specific setoff amount as that amount will be unknown at the time of arbitration.  Finally, plaintiff can present evidence at the arbitration that it is entitled to a setoff and the arbitration award could later be reduced by the amount of the workers' compensation award.  In 
Laatz v. Intergovernmental Risk Management Agency
, 336 Ill. App. 3d 863
, 866, 784 N.E.2d 877, 879 (2003), the court addressed whether a UM arbitration award could be reduced after it was issued by the amount the insured recovered in a workers' compensation claim.  The 
Laatz
 court agreed that "any arbitration award to plaintiff would be reduced by the total amount of worker's compensation payments plaintiff had received, including any received after the hearing was conducted."  
Laatz
, 336 Ill. App. 3d at 866, 784 N.E.2d at 879.

Defendant agrees that the UM policy provides that if he recovers from his workers' compensation case after the UM arbitration, he must hold in trust the amount he receives for the workers' compensation case and then pay plaintiff that amount.  This allows defendant to use the arbitration award immediately and ensures that plaintiff will receive the setoff amount should defendant recover anything in workers' compensation.  The order compelling arbitration was, therefore, appropriate.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and APPLETON, JJ., concur.